## UNITED STATES v. TEXEIRA.
### No. 277, Docket 20625.

Circuit Court of Appeals, Second Circuit.
June 19, 1947.

Thomas J. F. Kirk, of Brooklyn, N. Y., for appellant.

J. Vincent Keogh, U.S. Atty., of Brooklyn, N. Y. (Mario Pittoni, Asst. U.S. Atty, of Brooklyn, N. Y., of counsel) for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The appellant was tried and convicted by a jury in the District Court for the Eastern District of New York on an indictment charging the theft, at Brooklyn, N. Y., of a mail truck owned by the Post Office Department of the United States in violation of the provisions of 18 U.S.C.A. § 313. He was sentenced to imprisonment for a term of eighteen months and then the execution of the sentence was suspended and he was placed upon probation for a like period.

The principal ground for reversal relied on is the assertion that the evidence before the grand jury was not sufficient to support the indictment. All that appears in the record to show what evidence was presented to the grand jury is found in the testimony of one of the witnesses called by the government who, on cross examination, testified that he had appeared before the grand jury and there testified substantially as he had at the trial. This consisted mainly of admissions made by the appellant, who also signed a written statement to like effect, that he had taken the truck, "after having had a few drinks" when he found it parked on a street in Brooklyn with its engine running; that after driving it a while he decided to go to Astoria, L. I., where he went into a bar and spent about an hour drinking liquor; and that he then started back to Brooklyn with the intention of going to his home there. He lost his way while trying to do that and, when he slowed down for the purpose of making inquiries as to the route he should take, a police officer arrested him. It was a tale which the jury might believe in whole or in part and whether he intended to steal the truck when he took it was a jury question.

About a month after the appellant was sentenced and placed upon probation his attorney moved for an inspection of the grand jury's minutes or, in the alternative, that they be filed with the clerk of the District Court. This motion was denied. It was addressed to the discretion of the court and that discretion as exercised, especially when it was invoked so late, was not an abuse of it. See, United States v. Alper, 2 Cir., 156 F.2d 222. Since the proceedings before the grand jury are not a part of this record, and properly so on the showing made, the presumption that the indictment was found on sufficient evidence must prevail. Carroll v. United States, 2 Cir., 16 F.2d 951; Mulloney v. United States, 1 Cir., 79 F.2d 566.

The appellant was arrested about half past twelve on the morning of November 19, 1945. He was taken to the station house and then made the admissions above noted after having been told that whatever he said might be used against him. The contention that such admissions were inadmissible under the decision in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 cannot be sustained in the light of United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140.

Judgment affirmed.