**UNITED STATES of America**

v.

**Isidor WOLRICH, Defendant.**

United States District Court,
S. D. New York.

Jan. 19, 1955.

See also, 119 F.Supp. 538.

J. Edward Lumbard, U. S. Atty., New York City, for United States of America, Leon Silverman, Asst. U. S. Atty., New York City, of counsel.

Arthur Block, Corcoran & Kostelanetz, Louis Bender, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

The defendant was indicted for wilfully attempting to evade the payment of income taxes for the year 1945. The first trial resulted in a jury disagreement.

The defendant now moves to dismiss the indictment, or, in the alternative, to inspect the Grand Jury minutes, on the ground that the Grand Jury indicted the defendant on incompetent or insufficient evidence.

The movant states that only one witness, Revenue Agent McGinn, who testified at the trial also testified before the Grand Jury,[1] and, that his testimony was completely hearsay because it allegedly was limited to conclusions drawn solely from an examination of the books and records of the defendant. From this, the defendant urges, this Court is to conclude that only incompetent or insufficient evidence was presented to the Grand Jury.

This relief, substantially on the grounds stated, was passed upon and denied by Judge Sugarman, on June 7, 1954, and Judge Palmieri, on September 13, 1954. Judge Bicks, the judge presiding at the first trial, similarly denied the motion at the conclusion of the Government's case, when all the facts alleged in the instant motion were before the court. Trial Record, p. 2323.

After three judges have thoroughly considered a motion and denied it, a fourth judge should not easily be disposed to grant the same motion. See In re Hines, 2 Cir., 1937, 88 F.2d 423, 425; United States v. Parker, D.C. D.N.J.1938, 23 F.Supp. 880, 889. Moreover, both the dismissal of an indictment and the inspection of the Grand Jury minutes upon the grounds here urged are discretionary matters, and are rarely granted. United States v. Garsson, D.C.S.D.N.Y.1923, 291 F. 646, 649, L. Hand, J.; Kastel v. United States, 2 Cir., 1927, 23 F.2d 156, 157; Cf. United States v. Alper, 2 Cir., 1946, 156 F.2d 222, 226. The policy to be followed in the disposition of motions of this type was well characterized in Murdick v. United States, 8 Cir., 1926, 15 F.2d 965, 968:

"There is inherent power in the court to prevent abuse in grand jury proceedings. There is no divinity surrounding its action, and the court has the right to go behind the secrecy imposed upon a grand jury as to its proceedings, where the interests of justice demand it; but if the court is of necessity compelled to review the evidence before the grand jury, weigh the same as to whether it is sufficient to warrant returning an indictment, sift the competent from the incompetent to determine its effect upon the minds of the jurors, then a new abuse of criminal practice will become prevalent in the courts absolutely subversive of criminal procedure."

---

1. The evidential basis for this is claimed by the defendant to be the following: (a) The examination by counsel for the defendant of all the witnesses at the prior trial, only one of which, Agent McGinn, stated that he also testified before the Grand Jury. (b) Four affidavits of representatives of the defendant's purchasers (of the goods claimed by the Government to have been omitted from defendant's tax return as to sales made) which state that no members of their organizations, to their knowledge, testified before the Grand Jury.

■■ Upon the showing made here, "the presumption that the indictment was found on sufficient evidence must prevail." United States v. Texeira, 2 Cir., 1947, 162 F.2d 169, 170. The testimony of a single Treasury Agent has been held sufficient grounds for the denial of the motion to dismiss, or, in the alternative, to inspect the Grand Jury minutes. Banks v. United States, 8 Cir., 1953, 204 F.2d 666;[2] see also Murdick v. United States, supra. The showing here made does not exclude the possibility that other sufficient evidence was presented before the Grand Jury. Cf. United States v. Weber, 2 Cir., 1952, 197 F.2d 237, 238.

The motion is denied. So ordered.

---

**2.** While Banks is a so-called net worth case and the agent called was a Special Agent, it indicates the attitude of the courts on motions of this type.