**UNITED STATES of America**

v.

**Calvin SUGARMAN, Alias John Doe, and Mary Dorothy Tager, Alias Jane Doe.**

**Indictment No. 6489.**

United States District Court
D. Rhode Island.

Feb. 13, 1956.

Joseph Mainelli, U. S. Atty., Arnold Williamson, Jr., Asst. U. S. Atty., Providence, R. I., for plaintiff.

Robinson & Adelson, Providence, R. I., for Calvin Sugarman, Melvin A. Chernick and Leonard Decof, Providence, R. I., of counsel.

DAY, District Judge.

This is an indictment containing twenty-one counts. Counts I to XIX, inclusive, concern the defendant, Calvin Sugarman, alias John Doe, alone; counts I to XII, inclusive, charge him with violations of Title 18 U.S.C.A. § 1341; counts XIII to XVII, inclusive, with violations of Title 18 U.S.C.A. § 1461; counts XVIII and XIX with violations of Title 18 U.S.C.A. § 1342; counts XX and XXI charge him and the other defendant, Mary Dorothy Tager, alias Jane Doe, with violations of Title 18 U.S.C.A. § 371.

The defendant, Sugarman, has moved to dismiss the indictment on the following grounds:

"1. The indictment is void for the reason that no proper presentation of any evidence, upon which said indictment was founded, has been made to a Grand Jury, and therefore, said indictment violates the rights of the Defendant under the Fifth Amendment to the Constitution of the United States of America.

"2. The indictment is void for the reason that the Grand Jury returning said indictment did so without proper consideration of the subject matter and with passion and prejudice, and without any reasonable deliberation upon said subject matter, and therefore, said indictment violates the rights of the Defendant under the Fifth Amendment to the Constitution of the United States of America.

"3. The indictment is void for the reason that the Grand Jury returning the same did so on the basis of prejudice and without reasonable deliberation, due to the various articles appearing in the public newspaper just prior to their deliberations, and therefore, said indictment violates the rights of the Defendant under the Fifth Amendment to the Constitution of the United States of America. (see Exhibit A).

"4. Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI and XII of said indictment do not state facts sufficient to constitute offenses against the United States and, more particularly, offenses in violation of Section 1341 of Title 18 of the United States Code.

"5. Counts XIII, XIV, XV, XVI and XVII of said indictment do not state facts sufficient to constitute offenses against the United States and, more particularly, offenses in violation of Section 1461 of Title 18 of the United States Code.

"6. Counts XVIII and XIX of said indictment do not state facts sufficient to constitute offenses against the United States and, more particularly, offenses in violation of Section 1342 of Title 18 of the United States Code.

"7. Count XX of said indictment does not state facts sufficient to constitute an offense against the United States and, more particularly, an offense in violation of Section 371 of Title 18 of the United States Code.

"8. Count XXI of said indictment does not state facts sufficient to constitute an offense against the United States and, more particularly, an offense in violation of Section 371 of Title 18 of the United States Code."

The defendant, Tager, has also moved to dismiss the indictment as to her on the first three grounds set forth in the defendant, Sugarman's motion and on the further grounds of double jeopardy, and that Counts XX and XXI fail to state facts sufficient to constitute violations of Title 18 U.S.C.A. § 371.

I shall first consider the motion of the defendant, Sugarman. With respect to grounds (1), (2) and (3) thereof, it must first be observed that the motion is not accompanied by any affidavit or affidavits supporting the allegations thereof. No showing was made of facts to substantiate them. In the absence of showing to the contrary, an indictment is presumed to be founded on competent evidence. United States v. Texeira, 2 Cir., 162 F.2d 169; United States v. Weber, 2 Cir., 197 F.2d 237; Carrado v. United States, 93 U.S.App.D. C. 183, 210 F.2d 712. And the defendant who attacks an indictment returned in due form on the ground that it was returned without proper evidence has the burden of showing the absence of such evidence. Carrado v. United States, supra.

Similarly, there is no showing that there was any prejudice against the defendant by reason of any newspaper articles which appeared prior to the return of the indictment.

In connection with these three grounds of his motion the defendant has requested me to examine the minutes of the grand jury proceedings to inquire whether irregularities occurred which induced the finding of the indictment. While a District Court possesses that power, it is a power to be sparingly used. Its use can be justified only where by a properly verified pleading there is a clear and positive showing of gross and prejudicial irregularity influencing the grand jury in returning the indictment. Averments on information and belief are universally held to be insufficient. There has been no showing here to warrant my exercising my power to inspect the minutes of the grand jury. In my opinion

grounds (1), (2) and (3) of the defendant Sugarman's motion are without merit.

Ground (4) of his motion is that Counts I to XII, inclusive, do not state facts sufficient to constitute violations of Title 18 U.S.C.A. § 1341. He contends that these counts are fatally defective because each of them fails to set forth the details of the alleged scheme to defraud charged to the defendant. To be legally sufficient an indictment must contain sufficient allegations to inform the defendant of the nature of the offense and sufficiently apprise him of the charges against him so that he may prepare his defense, and if he is convicted, the judgment rendered against him will be a bar to a second prosecution for the same offense. Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 40 L.Ed. 606; Lund v. United States, 8 Cir., 19 F.2d 46; Anderson v. United States, 6 Cir., 215 F.2d 84.

The elements of the offenses alleged in Counts I to XII, inclusive, are (1) the existence of a scheme to defraud, (2) the use of the mails for the purpose of carrying out the scheme. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435. It is necessary that the indictment allege the essential elements of the offense. This requirement is met if these essentials are set forth sufficiently to inform the defendant as to what he must meet in the preparation of his defense and with sufficient exactness to bar further proceedings against him for the same offense. It is not necessary to set forth the alleged scheme in detail; it is only necessary to allege the scheme with such particularity as will enable the accused to know what he may be expected to meet on trial. United States v. Young, 232 U.S. 155, 34 S.Ct. 303, 58 L.Ed. 548; United States v. Lowe, 7 Cir., 115 F.2d 596; Webb v. United States, 10 Cir., 191 F.2d 512; Kreuter v. United States, 5 Cir., 218 F.2d 532.

Defendant relies upon the case of United States v. Hess, 124 U.S. 483, 8 S. Ct. 571, 31 L.Ed. 516 as authority for his

contention that the scheme to defraud must be alleged with particularity. That case involved the sufficiency of an indictment charging violation of the then existing mail fraud statute which was essentially different from Title 18 U.S.C.A. § 1341. See United States v. Young, supra.

■■ In my opinion the allegations in Counts I to XII, inclusive, are legally sufficient. If the defendant desires more definite information as to the details of the alleged scheme to defraud he may have recourse to a motion for a bill of particulars in accordance with Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

■ As ground (5) of his motion the defendant contends that Counts XIII to XVII, inclusive, do not state facts sufficient to constitute offenses in violation of Title 18 U.S.C.A. § 1461 which forbids the mailing of anything declared by that section to be unmailable. The allegations of these counts are substantially in the words of the statute and are in my opinion legally sufficient.

■ Ground (6) is to the effect that Counts XVIII and XIX are legally insufficient because they fail to set forth the details of the alleged scheme to defraud. This is the same contention as was advanced with respect to Counts I to XII, inclusive. The observations which I have made above with respect to the sufficiency of the allegations of those counts apply to Counts XVIII and XIX. I am of the opinion that they are legally sufficient.

■ The remaining grounds of the defendant Sugarman's motion to dismiss attack the legal sufficiency of Counts XX and XXI. Each of these counts charges the defendant with a conspiracy to commit certain offenses in violation of Title 18 U.S.C.A. § 1341, and the commission of certain overt acts in furtherance of said conspiracy. The counts are in the usual form and I cannot see wherein they are legally insufficient.

In my opinion the indictment and all the counts thereof are valid. The motion of the defendant, Sugarman, to dismiss is denied.

■ Insofar as the motion of the defendant, Tager, to dismiss is based upon the same grounds urged by the defendant, Sugarman, I find it to be without merit. The additional ground that Counts XX and XXI subject her to double jeopardy calls for some discussion but is equally without merit. It appears that on June 3, 1955, she pleaded guilty to an indictment entitled "United States of America v. Mary Dorothy Tager, alias G. Wallis, alias Jane Doe" docketed as Indictment No. 6457 in the files of this Court. This indictment contained five counts charging her with violations of Title 18 U.S.C.A. § 1461. Count XX charges her with conspiracy to commit offenses in violation of Title 18 U.S.C.A. § 1341, and Count XXI charges her with conspiracy to commit offenses in violation of Title 18 U.S.C.A. § 1342. Clearly, these offenses are separate and distinct from those charged in Indictment No. 6457 and the prohibition against a person being put in jeopardy twice for the same offense does not apply. If, in fact, Counts XX and XXI did charge her with conspiracy to violate Title 18 U.S.C.A. § 1461, the defendant's contention would be without merit because the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes and a plea of double jeopardy is no defense to a conviction for both. Pereira v. United States, supra; Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489.

The motion of the defendant, Tager, to dismiss the indictment is also denied.