**UNITED STATES of America**

v.

**George B. GELLER, Defendant.**

United States District Court
S. D. New York.

Sept. 24, 1957.

Paul W. Williams, U. S. Atty., New York City, for the United States, John T. Moran, Jr., Asst. U. S. Atty., New York City, of counsel.

Edward A. Kole, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

Defendant has moved to dismiss this perjury indictment against him on grounds that the Government in presenting its evidence to the Grand Jury inadvertently failed to disclose defendant's subsequent recantation. It is defendant's contention that this failure to include exculpatory matter rendered the indictment fatally defective.

The offenses charged in the indictment were alleged to have been committed on November 2, 1950 by defendant when he appeared under oath before the Honorable Robert P. Stephenson, Referee in Bankruptcy, United States District Court, Southern District of New York in regard to the reorganization of the Pittsburgh Terminal Coal Company. The

purpose of that particular proceeding was to ascertain the scope of defendant's participation as a member of the Stockholders Protective Committee of Pittsburgh Terminal. At the conclusion of the hearings on November 2nd before Referee Stephenson, the proceedings were adjourned sine die.

Defendant asserts in his affidavit on this motion that in or about the summer of 1951, while preparing his defense to a civil action instituted by another member of the Protective Committee, he became aware of the irregularities in his prior testimony and notified the SEC, requesting at the same time that he be given the opportunity to correct his testimony; that the proceedings were resumed before Referee Stephenson on May 7, 1952 at which time the defendant retracted a good part of his former testimony. It is this testimony on May 7, containing the recantation, which defendant contends was withheld from the Grand Jury.

Defendant concedes in open court that his allegations are based only on information and belief and asks that the court sua sponte inspect the Grand Jury minutes in order to verify his charges and provide the basis for the motion to dismiss. As a result of this concession the request for dismissal must be construed as being conditioned on a finding by this Court that the recantation was not presented to the Grand Jury.

■ I must first consider, then, the propriety of this Court undertaking an inspection of Grand Jury proceedings. Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. permits an inspection of the Grand Jury minutes when, in the discretion of the Court a sufficient showing has been made that grounds may exist for a motion to dismiss because of matters occurring before the Grand Jury. However, because of the desire of preserving the traditional secrecy of Grand Jury proceedings the courts have been most circumspect in granting this extraordinary relief.[1]

This judicial reluctance to intrude into the Grand Jury room was perhaps best expressed by the following passage by Judge Learned Hand:

"[Inspection] is said to lie in discretion, and perhaps it does, but no judge of this court has granted it, and I hope none ever will. Under our criminal procedure the accused has every advantage. While the prosecution is held rigidly to the charge, he need not disclose the barest outline of his defense. He is

---

1. United States v. Sugarman, D.C.D.R.I. 1956, 139 F.Supp. 878, 881; United States v. Aman, D.C.N.D.Ill.1953, 13 F.R.D. 430, affirmed 7 Cir., 1954, 210 F. 2d 344; United States v. Reese, D.C.E.D. Pa.1951, 11 F.R.D. 424; United States v. Papaioanu, D.C.D.Del.1950, 10 F.R.D. 517; United States v. Garsson, D.C.S.D. N.Y.1923, 291 F. 646; United States v. Violon, C.C.S.D.N.Y.1909, 173 F. 501.

The reasons most commonly given for preserving secrecy include:

(1) the prevention of the escape of an indictable party;

(2) the insurance of complete freedom of deliberation;

(3) the prevention of subornation of perjury or tampering with witnesses;

(4) the encouragement of free and untrammelled disclosures by possible witnesses;

(5) the protection of innocent accused persons.

See United States v. Rose, 3 Cir., 1954, 215 F.2d 617, 628; United States v.

Amazon Industrial Chemical Corporation, D.C.D.Md.1931, 55 F.2d 254, 261.

These reasons, though convincing in the vast majority of cases, lack persuasiveness in this type case where the function of the Grand Jury has ended and the defendant would, as here, limit his demands to an inspection by the Court. See Note, Quashing Federal Indictments, 62 Harv.L.Rev. 111, 114 (1948). Under these circumstances, the primary reasons for holding Grand Jury minutes inviolate must be based on grounds of administrative necessity. If defendants were entitled to inspection of Grand Jury minutes in all cases without regard to the merit of their requests the resulting delay in disposing of cases would add appreciably to the burden of administering criminal justice in the federal courts. See Holt v. United States, 1910, 218 U.S. 245, 248, 31 S.Ct. 2, 54 L.Ed. 1021; United States v. Garsson, D.C.S.D.N.Y. 1923, 291 F. 646, 649.

immune from question or comment on his silence; he cannot be convicted when there is the least fair doubt in the minds of any one of the twelve. Why in addition he should in advance have the whole evidence against him to pick over at his leisure, and make his defense, fairly or foully, I have never been able to see. No doubt grand juries err and indictments are calamities to honest men, but we must work with human beings and we can correct such errors only at too large a price. Our dangers do not lie in too little tenderness to the accused. Our procedure has been always haunted by the ghost of the innocent man convicted. It is an unreal dream. What we need to fear is the archaic formalism and the watery sentiment that obstructs, delays, and defeats the prosecution of crime." United States v. Garsson, D.C.S.D.N.Y. 1923, 291 F. 646, 649.

■ It has been said that only "where by a properly verified pleading there is a clear and positive showing of gross and prejudicial irregularities influencing the grand jury in returning the indictment" can an inspection be justified. United States v. Sugarman, D.C.D.R.I.1956, 139 F.Supp. 878, 881. See also United States v. Seidman, D.C.M.D.Pa.1930, 45 F.2d 178, 179. The basis for defendant's attack on the indictment, as stated in his affidavit in support of the motion, is that "if his complete testimony had been so submitted the Grand Jury could not in accordance with due process have legally indicted him." This contention based on mere surmise and speculation, does not lie within the scope of the exception to the traditional secrecy rule and to allow inspection in this case would be to violate the spirit and purpose of our Grand Jury proceedings. However, since defendant may yet make the prescribed showing demanded by the cases I choose not to dispose of the motion on this ground. Instead, I shall assume that the defendant has satisfactorily demonstrated to the Court that the recantation was not presented to the Grand Jury and will proceed to consider the motion to dismiss on its merits.

■ The only evidentiary ground recognized for dismissing an indictment is a showing that no rationally persuasive evidence was presented to the Grand Jury.[2] In this case defendant's recantation did not ipso facto absolve him from all criminal responsibility for his perjury in the first proceeding. United States v. Norris, 1937, 300 U.S. 564, 573, 57 S.Ct. 535, 81 L.Ed. 808. Perjury is committed when a person under oath wilfully or intentionally testifies falsely and a recantation or retraction is relevant only in showing circumstantially an absence of intent. Beckanstin v. United States, 5 Cir., 1956, 232 F.2d 1, 4. Since the recantation does not by operation of law purge the initial perjury, and since it is not denied that the Grand Jury had before it the alleged perjured answers, it cannot be argued with force that no rationally persuasive evidence was before the Grand Jury.[3]

2. J. Burton concurring in Costello v. United States, 1955, 350 U.S. 359, 364, 76 S.Ct. 406, 100 L.Ed. 755. See Carrado v. United States, 1953, 93 U.S.App. D.C. 183, 210 F.2d 712, 717, certiorari denied Smith v. United States, 1955, 350 U.S. 938, 76 S.Ct. 310, 100 L.Ed. 819; Cox v. Vaught, 10 Cir., 1931, 52 F.2d 562, 564; Murdick v. United States, 8 Cir., 1926, 15 F.2d 965, 967, certiorari denied Clarey v. United States, 1927, 274 U.S. 752, 47 S.Ct. 765, 71 L.Ed. 1332; United States v. Wolrich, D.C.S.D.N.Y.1955, 127 F.Supp. 215; United States v. Cohen, D.C.S.D.N.Y.1953, 113 F.Supp. 955; United States v. Morse, D.C.S.D.N.Y. 1922, 292 F. 273. But cf. United States v. Farrington, D.C.N.D.N.Y.1881, 5 F. 343.

3. See United States v. Owen, D.C.W.D.Mo. 1951, 11 F.R.D. 371. Cf. Fotie v. United States, 8 Cir., 1943, 137 F.2d 831, 842, which did not involve a matter before a Grand Jury. At a trial, as in Fotie, the prosecution may not sustain a charge of perjury where the alleged perjurious statement has been lifted out of context and the true meaning perverted.

The instant case presents essentially the same situation as where a defendant is denied the opportunity to appear before the Grand Jury to present his own version of the facts. Though this refusal similarly prevents the presentation of some evidence favorable to defendant it has been held that this partial submission of the case to the Grand Jury does not provide sufficient grounds to support a dismissal. United States v. Morse, D.C.S.D.N.Y.1922, 292 F. 273. It being established that some evidence was before the Grand Jury, the Court's inquiry is at an end. It cannot re-examine the indictment and weigh the sufficiency or the competency of the evidence considered. Costello v. United States, 1956, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 755. This is within the province of the petit jury and any claims as to the insufficiency or incompetency of the Government's evidence should be properly left for correction by that body. United States v. Pappagoda, D.C.D.Conn. 1923, 288 F. 214.

Under the above formulation, it is immaterial whether the evidence withheld, if presented, might have persuaded the Grand Jury not to return an indictment. Nonetheless, in this case the facts are such that in all likelihood the Grand Jury, even if presented with the recantation, would not have deviated from its original decision to indict. The inference that a recantation affords is justified only when the recantation is made promptly and no reasonable likelihood exists that defendant has learned that his perjury has become known to the authorities. Llanos-Senarillos v. United States, 9 Cir., 1949, 177 F.2d 164, 165–66. See People v. Ezaugi, 1957, 2 N.Y.2d 439, 443, 141 N.E.2d 580, 583. In this case the use of the recantation in disproving intent would seem to possess little, if any, evidential value in view of the fact that between the alleged perjurious statement and the subsequent recantation there elapsed an interim period of some 18 months of silence. Furthermore, there is some evidence that the recantation was made only after the SEC became aware of the initial falsehood and that knowledge by defendant of this fact was the moving force behind his seeking an opportunity to correct his testimony.

No authority is cited to support defendant's last contention that he has a constitutional right to have the recantation presented to the Grand Jury. The Supreme Court has construed the Fifth Amendment as not prescribing any kind of evidence upon which the Grand Jury must act. Costello v. United States, supra, 350 U.S. at page 362, 76 S.Ct. at page 408. Whether there would be any substance to defendant's argument if there was a showing of deliberate suppression of evidence from the Grand Jury, or bad faith or collusion on the part of the Government, I need not now decide since defendant has specifically negatived any such charge.

I must conclude, therefore, that positive evidence that defendant testified falsely, even when standing alone, provides a sufficient basis for a Grand Jury to infer that the offense of perjury was committed, and that the attack on this indictment must fail.

Motion denied.