**UNITED STATES of America**

v.

**Jack MARTIN, Julius Kantor and Harry Appelbaum, Defendants.**

United States District Court
S. D. New York.
Jan. 22, 1959.

See also 176 F.Supp. 262.

Julius A. Hellenbrand, Kew Gardens, N. Y., John J. Curran and Carl W. Sarett, Kew Gardens, N. Y., of counsel, for defendants, Julius Kantor and Harry Appelbaum.

Arthur H. Christy, U. S. Atty., New York City, John T. Moran, Jr., Asst. U. S. Atty., New York City, of counsel, for United States of America.

FREDERICK van PELT BRYAN, District Judge.

The defendants Julius Kantor and Harry Appelbaum are charged in five counts of a ten-count indictment with having in their possession packages which had been stolen from the mails in violation of 18 U.S.C. § 1708. The defendant Appelbaum moves to dismiss the indictment upon the ground that there could have been no testimony before the Grand Jury sufficient to warrant an indictment against him. Defendants Kantor and Appelbaum move, pursuant to Rule 41(e), F.R.Cr.P., 18 U.S.C., to suppress evidence seized as a result of alleged unlawful search and seizure of their premises by postal inspectors.

■■ The motion to dismiss is necessarily dependent upon an inspection by the court of the Grand Jury minutes pursuant to Rule 6(e), F.R.Cr.P. It is supported merely by an affidavit of defendants' attorney stating in substance that he believes that there could have been no testimony adduced before the Grand Jury connecting defendant Appelbaum with the crime charged and denying his guilt. This is wholly insufficient to support an inspection of the Grand Jury minutes under Rule 6(e). The motion is patently without any merit whatsoever and will be denied. See United States v. Geller, D.C.S.D.N.Y., 154 F. Supp. 727; Carrado v. United States, 93 U.S.App.D.C. 183, 210 F.2d 712.

The motion to suppress, however, cannot be determined on the basis of the affidavits before me which pose contested issues of fact. There must be a hearing on this motion.

Settle order on notice denying defendant Appelbaum's motion to dismiss and providing for a hearing on the motion to suppress at a time and place to be fixed by the court.