UNITED STATES of America

v.

Jacob H. GREENBERG and Morris Mac Schwebel, Defendants (two cases).

United States District Court
S. D. New York.
April 24, 1962.

See also 200 F.Supp. 382; 30 F. R.D. 164.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for the United States; Stephen E. Kaufman, Peter H. Morrison, Asst. U. S. Attys., of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Morris Mac Schwebel; Simon H. Rifkind, Martin Kleinbard, Arthur B. Frommer, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Defendant Schwebel moves to dismiss two indictments against him, 61 Cr. 132 and 61 Cr. 133, on the ground that improper outside influences were brought to bear on the Grand Jury which returned them.

Indictment 61 Cr. 132 is in one count and charges Schwebel and a co-defendant Greenberg, who is not before the court, under 18 U.S.C. § 371 with conspiring to violate provisions of the Securities Act of 1933 by the use of the mails and instrumentalities of interstate commerce in dealings in corporate securities of Basic Atomics, Inc.

Indictment 61 Cr. 133 is in 62 counts. The first count charges Schwebel and Greenberg under 18 U.S.C. § 371 with conspiring to violate the same provisions of the Securities Act in dealings in corporate securities of Soil Builders International Corporation. The other 61 counts charge specific violations of various provisions of the Securities Act in these dealings. A motion by Schwebel to dismiss four of these counts as time barred has been granted on consent of the Government.

On these motions Schwebel contends that, during its deliberations, the Grand Jury was informed that the Securities and Exchange Commission had disbarred him from practicing before it and that this disclosure was so highly prejudicial and inflammatory as to prevent the Grand Jury from arriving at an independent determination based upon the relevant evidence which had been presented. He urges that this requires dismissal of the indictments. In the alternative defendant moves for inspection of the Grand Jury minutes to aid him in establishing these charges, or to have the minutes inspected by the court.

Schwebel presents no evidence to support his claim that information as to his disbarment was given to the Grand Jury. He draws the conclusion that this must have occurred because two persons who were concerned in the disbarment proceedings before the Commission testified before the Grand Jury.

One of these was Sidney Goldberg, an attorney on the staff of the General Counsel of the Commission who is said by Schwebel's counsel to have "dramatized his appearance before the Grand Jury by bringing with him a baby carriage or other cart containing the documents to be referred to in his testimony". Apparently Schwebel seeks to draw from this unsupported hearsay statement by his counsel, the source of which is not disclosed, the conclusion that Goldberg

informed the Grand Jury that Schwebel had been disbarred by the Commission.

The other witness to whom defendant refers is one Joseph Meyer, named as a co-conspirator but not a defendant in the Basic Atomics indictment. The complete affidavit of Meyer, submitted in support of this motion, reads as follows:

"At the request of the Office of the United States Attorney for the Southern District of New York, I appeared and testified before the Grand Jury which handed down the Indictments in the above proceedings. While giving such testimony, I was questioned concerning testimony that I had previously given to the Securities and Exchange Commission involving these matters."

Since the testimony Meyer gave before the Commission was in the disbarment proceedings brought against Schwebel, Schwebel concludes that the fact of his disbarment necessarily must have been made known to the Grand Jury.

The Government takes the position here that defendant has failed to show that the Grand Jury was advised of Schwebel's disbarment and that even if it had been so advised, this furnishes no ground for dismissal of the indictment. The Government asserts that, under these circumstances, it is not called upon to refute the defendant's unsubstantiated allegations that the Grand Jury knew of his disbarment by disclosing anything which transpired before that body.

■ The regularity of grand jury proceedings in the federal system is presumed and the burden of proving regularity does not shift to the government merely because defendant makes unsupported claims on a motion attacking the indictment. United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943); United States v. Nunan, 236 F.2d 576 (2 Cir. 1956), cert. den. 353 U.S. 912, 77 S.Ct. 661, 1 L.Ed.2d 665. "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). The burden is upon the defendant to establish by a clear and positive showing that competent evidence which might justify an indictment was not presented. United States v. Rintelen, 235 F. 787 (S.D.N.Y.1916); United States v. Geller, 154 F.Supp. 727 (S.D.N.Y.1957); United States v. Nunan, supra.

■ A defendant attacking an indictment bears a heavy burden. "Averments on information and belief have been uniformly held not enough. * * * [A] pleading to abate or quash must be certain and definite in its allegations of prejudicial facts." United States v. American Medical Association, 26 F. Supp. 429, 431 (D.D.C.1939); United States v. Sugarman, 139 F.Supp. 878 (D. R.I.1956).

■ Moreover, the fact that irrelevant or incompetent evidence was presented to the Grand Jury is not a ground for the dismissal of the indictment. Costello v. United States, supra; United States v. Rintelen, supra.

■ The defendant Schwebel has not called to my attention a single federal case in which an indictment has been dismissed on a ground remotely resembling the groud asserted here and I know of none. The sole authority which Schwebel cites for such a proposition is State v. Owen, 156 Miss. 487, 126 So. 25 (1930). There the Supreme Court of Mississippi dismissed an indictment on an affirmative showing that the County Grand Jury had received and considered copies of a Report of the County Bar Association which concluded that the defendant, a justice of the peace, was guilty of extortion in his official capacity, the crime for which he was indicted. That case is entirely different on its facts from the case at bar. In any event, it is neither a binding nor persuasive authority in the federal courts.

Here the defendant Schwebel has utterly failed to meet the standard of proof necessary to establish that his disbarment was ever even mentioned to the Grand Jury. His motion is based upon mere speculation and conjecture. His showing is insufficient to place on the Government the burden of refuting his allegations, much less to permit him to inspect the Grand Jury minutes, or to require the court to inspect them. Plainly defendant is "in no position to file the essential pleading to justify the court in making an inquiry, yet nevertheless [he is] asking that the inquiry be ordered anyway, in the expectation or hope that material will turn up to support a proper plea. Manifestly the court ought not grant such a motion." United States v. American Medical Association, supra, 26 F.Supp. p. 431; United States v. Sugarman, supra.

Finally, it should be said that even if defendant had shown that the Grand Jury knew of his disbarment this would, in itself, furnish no ground for dismissal. Nothing has been shown here which remotely indicates that the Grand Jury was moved to indict by anything other than proper and sufficient evidence of probable cause that the crimes charged in the indictments had been committed by the defendant.

Indeed, defendant concedes that the proceedings before the Commission concerned "certain aspects of the transactions alleged in the Indictments." The Government cannot be barred from presenting to the Grand Jury evidence concerning transactions germane to the subject matter before it merely because it was previously presented in a disbarment proceeding resulting unfavorably to the defendant. If the Grand Jury learned of the disbarment as a result of such testimony it by no means follows that the indictment should be dismissed. The test is whether there was sufficient relevant evidence before the Grand Jury to indict. If there was (and there is no showing here there was not) it can scarcely be said that the indictment was the result of prejudice or inflammation of the Grand Jury resulting from such knowledge.

The motion to dimiss is in all respects denied.

It is so ordered.