**UNITED STATES of America,**

v.

**George ROSEN, Herbert Tritelbaum, Adorable Hairdo Corp., Hair Industry, Ltd., and Howard Tresses, Inc., Defendants.**

**No. 66 Cr. 641.**

United States District Court
S. D. New York.

Oct. 17, 1966.

Robert M. Morgenthau, U. S. Atty., for the S. D. N. Y.  Douglas S. Liebhafsky, Asst. U. S. Atty., of counsel, for plaintiff.

Nicholas Atlas, New York City, for defendants.

## MEMORANDUM

FRANKEL, District Judge.

Defendants move to dismiss the indictment, claiming it was obtained in violation of their right to due process of law in that (1) "the Grand Jury failed and refused to hear the defendant GEORGE ROSEN," and (2) "an attorney for the Government was, during the presentation ·of this case, apparantly above [*sic,* but intended to say "apparently alone"] with the Grand Jury and without a stenographer being present  *  *  *."  In addition, "in connection therewith," defendants seek to inspect the grand jury minutes.

The opposing affidavits present no factual issues requiring a hearing.  For defendants, an affidavit of counsel recites that there was a search of defendants' premises, pursuant to a warrant, in August 1963, resulting in the seizure of materials supposedly pertinent to the alleged crimes;[1] that counsel made it his business thereafter to keep "in regular touch with the United States Attorney's office concerning this matter," stressing repeatedly that defendant George Rosen "was at all times ready to appear before the Grand Jury to make a statement in detail concerning the items which are now the subject of this indictment;" that in November 1963, defendant Rosen was detained and searched in Alaska upon his return from Tokyo, with property being seized from him by Customs Agents;[2] that counsel's talks continued as before with the prosecutor's office;  that an Assistant United States Attorney promised to tell defendants' lawyer in advance of plans to make a grand jury presentation of the matter and to tell the grand jury of Rosen's desire to appear;  that on August 15, 1966, defense counsel was informed that the case was going to the grand jury on the following day;  that counsel promptly wired the grand jury, reporting Rosen's desire to be heard;  that Rosen and his attorney sat outside the grand jury room while it considered the case;  but that the Assistant United States Attorney reported that the grand jury had decided not to call Rosen.

While sitting outside the grand jury room, defendants' counsel, long familiar with the people in this courthouse, observed the comings and goings of stenographers and others.  From these observations, he made his inference, not disputed by the Government, that there were two periods—one of some 15 minutes and a shorter one of "a few minutes"—when the Assistant United States Attorney was in the room with the grand jury but no stenographer was present.  This intelligence spawns the second ground defend-

---

1. No question is raised with reference to the search and seizure.

2. Again, the search and seizure are not here in question.

ants assert for dismissal of the indictment.

For the Government, the former Assistant United States Attorney who handled the case before the grand jury adds these sworn assertions (which are not questioned by the defense or claimed to require further exploration) : that he reported to the grand jury Rosen's desire to appear; that the grand jury received defense counsel's telegraphic submission of that desire; that the grand jury voted not to hear Rosen; and that the Assistant was not with the grand jury when that vote was taken or, more generally, "while they deliberated and when they voted."

Upon the foregoing facts, defendants argue their two points earnestly, invoking history, the "moral obligations" of the grand jury, and analogies from the significantly distinguishable rules governing New York State grand juries. When all is said and done, however, defendants seek sharp departures from settled federal law. Such innovative proposals, whether or not they might seem appealing as original matters, present no open questions for this court.

■ 1. Carried to some logical extreme, the notion of the grand jury as guardian of the citizen's rights against oppressive prosecutors might entail the right Rosen asserts to appear before that body. But logical or not, there is no such right. United States ex rel. McCann v. Thompson, 144 F.2d 604, 605–606 (2d Cir.), cert. denied, 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944). It exists no more for the forewarned prospective defendant, armed with knowledgeable counsel, than it does for those who first learn of the grand jury's interest in them when they are named in indictments.

■■ 2. Defendants fare no better on their second point—that the indict-ment should be dismissed because an Assistant United States Attorney was with the grand jury when no stenographer was present. There is no basis in law for this view, and Rule 6(d) appears in plain terms to refute it:

"Attorneys for the government, the witness under examination, interpreters when needed and, *for the purpose of taking the evidence,* a stenographer [or operator of a recording device] may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting." (Emphasis added.) [3]

The Rule seems clear that stenographers "may"—it does not say they must—be present "for the purpose of taking the evidence * * *." It would appear that they are not even permitted to be present at other times. Attorneys for the government, on the other hand, may be with the grand jury at all times except when "the grand jury is deliberating or voting." Thus, counsel's watchful stay in the antechamber disclosed nothing that suggests an impropriety.

■ What has been said disposes of the request to see the grand jury minutes. No minutes were taken when the grand jury voted not to hear Rosen. Obviously, the minutes show nothing about what went on when no stenographer was there. And I reject, without tarrying over, defense counsel's suggestion on argument that he should have the minutes to pursue his sleuthing by conjuring with what was said just before and just after the stenographer came and went. There is nothing, in short, to class this with the rare cases in which federal grand jury minutes may be opened for inspection.

The motion is in all respects denied. It is so ordered.

---

3. The bracketed words were added effective July 1, 1966. The change is obviously of no significance here.