**UNITED STATES of America,**

v.

**Gerald W. ESKOW, Fred H. Mackensen, and Norman Goldwasser, Defendants.**

**No. 67 Cr. 145.**

United States District Court
S. D. New York.

Jan. 5, 1968.

Robert M. Morgenthau, U. S. Atty., by Asst. U. S. Atty. Michael S. Fawer, New York City, for plaintiff.

Herbert Burstein, New York City, for defendants.

MOTLEY, District Judge.

*Memorandum Opinion and Order*

Defendant Eskow is charged with some 40 violations of the mail fraud statute, 18 U.S.C. § 1341. Defendant now moves for an order:

1) dismissing the indictment because he was denied "his constitutional right" to appear before the grand jury; and

2) granting defendant the right to inspect the grand jury testimony of Donald J. Palmer, as "grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury". Fed.R.Crim.P. 6(e).

The motion is denied.

The law is clear that a defendant has no right to appear before the grand jury, and its failure to allow him to appear when he so requests does not render the indictment defective. United States ex rel. McCann v. Thompson, 144 F.2d 604, 156 A.L.R. 240 (2d Cir. 1944), cert. denied, 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944); United States v. Elksnis, 259 F.Supp. 236 (S.D.N.Y. 1966); United States v. Rosen, 259 F. Supp. 942 (S.D.N.Y.1966).

The request for the grand jury testimony of Palmer is based upon defendant's allegations that "there was no substantial, probative or rationally persuasive evidence upon which to base the indictment * * *". In support of this allegation, defendant alleges Palmer gave inconsistent testimony at two civil proceedings. Defendant supports this allegation with a 30 page affidavit listing alleged inconsistencies. "The affidavit is replete with suggestions of perjury" (Defendant's Reply Affidavit, p. 3). De-

fendant then contends that an indictment based solely on perjured testimony is defective, and he should thus be allowed to examine the testimony of Palmer.

To begin with, it should be noted that most of the alleged inconsistencies are not inconsistencies at all but rather an attack on Palmer's actions *vis a vis* the events that led up to the indictment. Many of the other alleged inconsistencies involve matters about which Palmer did not testify before the grand jury.

 But even assuming that defendant did or could make out a prima facie showing that Palmer's testimony was perjured, grounds still would not exist for a motion to dismiss the indictment because of matters occurring before the grand jury. It is crystal clear that even if there was perjured testimony presented to the grand jury, the indictment will not be dismissed when there is some competent evidence to sustain the charge made by the grand jury. Coppedge v. United States, 114 U.S.App.D.C. 79, 311 F.2d 128 (1962), cert. denied, 373 U.S. 946, 83 S.Ct. 1541, 10 L.Ed.2d 701 (1963). Cf; Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). The United States Attorney's representation that there was additional competent evidence before the grand jury was verified by this court's examination of the grand jury minutes. The court is convinced that the motion should fail on this ground alone.

The cases in this Circuit, and elsewhere, have uniformly held that if the indictment is valid upon its face, and was returned by a legally constituted, unbiased grand jury, this court is not to review the sufficiency of the evidence before that grand jury. United States v. Ramsey, 315 F.2d 199 (2d Cir.), cert. denied, 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113 (1963); United States v. Calise, 217 F.Supp. 705 (S.D.N.Y.1962). Once it appears that the indictment is valid on its face and was returned by a legally constituted and unbiased grand jury, the indictment is sufficient to call for a trial on the merits, and allegations by defendant that the grand jury had no competent evidence to connect him with the crime charged are insufficient, under Rule 6(e), Fed.R.Cr.P., to give defendant a right to grand jury minutes. United States v. Martin, 176 F.Supp. 409, 410 (S.D.N.Y.1959); United States v. Stein, 140 F.Supp. 761 (S.D.N.Y 1956). United States v. Barnes, 313 F. 2d 325 (6th Cir. 1963). The Supreme Court expressly refused to establish such easy accessibility to grand jury minutes in Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

 Defendant's reliance on United States v. Youngblood, 379 F.2d 365 (2d Cir. 1967) is misplaced. *Youngblood* gives the defendant a right to grand jury minutes "after a witness has testified against him at his trial". Id. at pp. 369–370. Defendant will have the right, if Palmer testifies at trial, to *then* see the transcript of Palmer's grand jury testimony. This court declines to make that testimony available before trial as it has not been shown any persuasive reason for granting defendant the right to see the grand jury minutes before trial.