**UNITED STATES of America**

v.

**Alfred DALLAGO, Defendant.**

**No. 67-CR-452.**

United States District Court,
E. D. New York.

April 21, 1970.

See also D.C., 311 F.Supp. 227.

27. See notes 15 and 16, *supra.*

Edward R. Neaher, U. S. Atty., Eastern District of N. Y., for the United States; Reginald W. Gibson, Stephen V. Wilson, U. S. Dept. of Justice, of counsel.

Carro, Spanbock & Londin, New York City, for defendant; Jerome J. Londin, New York City, of counsel.

ZAVATT, District Judge.

By motion dated December 16, 1969, the defendant moved pursuant to Rules 6(d), (e) and 12(b) (1) of the Federal Rules of Criminal Procedure to dismiss the indictment on the ground that an unauthorized person was present during the taking of testimony before the indicting grand jury. A hearing was held before this court on February 27, 1970 to determine the facts relevant to this motion. Subsequently, by motion dated March 6, 1970, the defendant made a separate motion under Rule 12 of the Federal Rules of Criminal Procedure to dismiss the indictment on the ground that there was insufficient evidence presented to the grand jury to support the indictment. Both motions are denied.

From the papers submitted to the court and the aforementioned hearing, the court finds the facts to be as follows:

(1) On the morning of April 11, 1967, a grand jury was convened to hear evidence concerning the defendant's income tax returns for several years. This grand jury sat in the Eastern District of Pennsylvania and the evidence was presented by Assistant United States Attorney Sidney Salkin.

(2) Special agent Howard Schneider was the first witness to testify. After he completed his testimony, he remained in the grand jury room at the request of Salkin.

(3) The second witness was one Eugene Kral. Sometime during Kral's testimony, Shane Creamer, the First Assistant United States Attorney for the Eastern District of Pennsylvania, entered the grand jury room and, noticing that agent Schneider was present during Kral's testimony, ordered that the proceeding be terminated.

(4) Later that same afternoon, a second and completely new grand jury heard the Government's evidence *ab initio*. Agent Schneider again testified, but this time he left the room immediately upon the completion of his testimony. Kral did not testify before this second grand jury. The proceedings before this grand jury were regular.

(5) The second grand jury returned an indictment against this defendant. The case, based on this indictment, was transferred to this District, where it was docketed as 67–CR–452 on December 1, 1967.

(6) The testimony of agent Schneider before the two grand juries in the Eastern District of Pennsylvania was not recorded. It was the policy of the United States Attorney for the Eastern District of Pennsylvania not to record the grand jury testimony of Government agents. (Affidavit of Drew J. T. O'Keefe, the United States Attorney for the Eastern District of Pennsylvania during the period in question, sworn to February 9, 1970).

*Defendant's Contentions*

1. That an indictment by the first grand jury should be dismissed if agent Schneider was present while it received evidence of another witness.

2. That the indictment by the indicting second grand jury should be dismissed even if Schneider was not present before it illegally, because the evidence that he heard while illegally present at the first grand jury "tainted" his testimony before the second grand jury. In addition, that the Government, due to its policy of not recording the testimony of Government agents before the grand jury, cannot carry its burden of showing that Schneider's evidence was not so tainted.

3. That there is insufficient evidence to support the indictment.

### As to defendant's contention 1

■ In the light of the facts adduced at the hearing, the court finds that defendant's first claim is without merit. Even assuming that agent Schneider was unauthorized to be present during the taking of Kral's testimony (the Government concedes this point), and further assuming that if the first grand jury had returned the indictment in question, it would have to be dismissed because of a violation of Rule 6(d) of the Federal Rules of Criminal Procedure, the fact is that the first grand jury was aborted. A second, and wholly regular grand jury returned the indictment at issue.

### As to defendant's contentions 2 and 3

The second contention appears to be one of first impression. The argument runs as follows: agent Schneider was illegally present before the first grand jury while another witness testified; he heard the testimony of witness Kral which he was not entitled to hear; when the agent testified before the second (indicting) grand jury his testimony was, therefore, "tainted"; the burden, therefore, shifts to the Government to disprove that the agent's testimony was so "tainted"; because the policy of the United States Attorney, not to record agents' testimony before the grand jury, was followed in the instant case, the Government cannot meet its burden and the indictment should be dismissed.

It is the Government's contention that the burden remains on the defendant to show irregularities in the presentation of a case to a grand jury; that defendant is merely speculating as to possible prejudice resulting from Schneider's illegal presence before the first grand jury; that he has failed to carry his burden. The Government also argues in the alternative that, even if Schneider did repeat some of the statements that he heard while he was illegally present, this would not be a sufficient ground for dismissal of the indictment.

The contention of the Government that the indictment should not be dismissed even if agent Schneider changed his testimony before the second grand jury in light of what he heard while he was illegally present before the first grand jury, seems to be based on a confusion of two policies. On the one hand, there is a question as to what type of evidence may be presented to a grand jury. This question is discussed *infra*. On the other hand, there is a policy of secrecy surrounding grand jury proceedings and, while this policy may conceivably overlap the question of what type of evidence may be presented to a grand jury (as it does here), the two policies are separable. As I understand the defendant's argument, he is claiming a violation of the latter policy, *i.e.*, a violation of Rule 6(d) concerning *who* may be before the grand jury while it is taking testimony and not *what* testimony may be heard by the grand jury.

The question of who has the burden of proving that the testimony of the agent before the second grand jury was tainted is paramount. The Government cites the general policy that indictments, returned by a regularly constituted grand jury are presumed valid. Lawn v. United States, 355 U.S. 329, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). The defendant claims that, since it has shown a violation of Rule 6(d) before the first grand jury, this burden shifts to the Government. In light of the fact that the agent's testimony was unrecorded, neither the plaintiff nor the Government can prove (but can only speculate) what the agent said before the second grand jury.

Rule 6(d) of the Federal Rules of Criminal Procedure specifies who may be present before a grand jury:

(d) Who May Be Present. Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or opera-

tor of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting. As amended Feb. 28, 1966, eff. July 1, 1966.

The courts which have considered this rule, in cases where grand jury testimony was not recorded in whole or in part, have held that Rule 6(d) as to the presence of a stenographer or operator of a recording device is permissive, not mandatory. They have concluded that the recording of grand jury testimony, either stenographically or by means of a recording device, is not mandatory. Loux v. United States, 389 F.2d 911 (9th Cir.1968)—relating to a case originating in the Eastern District of Washington, cert. denied, 393 U.S. 867, 89 S. Ct. 151, 21 L.Ed.2d 135; United States v. Caruso, 358 F.2d 184 (2d Cir.1966)—originating in the District of Connecticut—cert. denied, 385 U.S. 862, 87 S.Ct. 116, 17 L.Ed.2d 88; United States v. Cianchetti, 315 F.2d 584 (2d Cir.1963) —originating in the District of Connecticut; United States v. Gramolini, 301 F.Supp. 39 (D.R.I.1969); United States v. Missler, 299 F.Supp. 1268 (D.Md. 1969); United States v. Rosen, 259 F. Supp. 942 (S.D.N.Y.1966); United States v. Martel, 17 F.R.D. 326 (N.D.N. Y.1954), appeal dismissed, sub nom., United States v. Caiola, 222 F.2d 369 (2d Cir.1955). See also Jack v. United States, 409 F.2d 522 (9th Cir.1969)—originating in the Eastern District of California; Pinelli v. United States, 403 F.2d 998 (10th Cir.1968)—originating in the District of Colorado—cert. denied, 395 U.S. 968, 89 S.Ct. 2116, 23 L.Ed.2d 755 (1969); United States v. Turner, 274 F.Supp. 412 (E.D.Tenn.1967). This circuit, although adhering to this general rule of construction of Rule 6(d), has indicated in dictum that it is the "better practice" to record grand jury testimony. *Cianchetti, supra.* In *Gramolini, supra,* the District Court of Rhode Island denied a motion to dismiss an in-

dictment for failure to record grand jury testimony because

* * * to grant it would injure the administration of criminal justice by rendering every presently pending indictment before me dismissable. However, the United States Attorney is hereby on notice that every indictment handed down subsequent to the effective date of this decision is vulnerable if grand jury proceedings in obtaining those indictments are not transcribed or otherwise equally effectively recorded. 301 F.Supp. at 42.

See also Wright, Federal Practice and Procedure § 103 at 161, advocating a change in Rule 6(d) either by legislation or by judicial construction.

Some of the above-cited cases also considered whether the failure to record grand jury testimony constitutes a denial of a constitutional right and held that no constitutional right is thereby violated. *Loux, supra; Caruso, supra; Cianchetti, supra.* Other courts have reached the same conclusion. Baker v. United States, 412 F.2d 1069 (5th Cir. 1969); Schlinsky v. United States, 379 F.2d 735 (1st Cir.1967), cert. denied, 389 U.S. 920, 88 S.Ct. 236, 19 L.Ed.2d 265; United States v. Hensley, 374 F.2d 341 (6th Cir.1967), cert. denied, 388 U. S. 923, 87 S.Ct. 2139, 18 L.Ed.2d 1373.

The defendant makes two claims with reference to the indictment by the second grand jury, based upon the failure of the Government to record the testimony before the indicting grand jury: (1) that there was insufficient evidence to justify an indictment; (2) that, assuming sufficient evidence, the testimony of the agent was "tainted."

As to his claim of insufficiency, the defendant argues that, since the agent's testimony was unrecorded, it must be treated as "incompetent hearsay"; that three other witnesses appeared before the indicting grand jury; that two of them asserted their Fifth Amendment right against self-incrimination in response to all questions put to them; that the third such witness' testimony

was insufficient to warrant an indictment and that the court may not hold that there was sufficient evidence to warrant the indictment. Under this point, the defendant is not arguing that the agent's testimony was tainted but, rather, that there was no competent testimony before the grand jury.

 In light of the clear state of the law that grand jury minutes need not be recorded, this court cannot conclude that the indictment is unsupported by sufficient evidence because the agent's testimony was not recorded. In Costello v. United States, 350 U.S. 359, 363, 76 S. Ct. 406, 408, 100 L.Ed. 397 (1956), the Supreme Court said:

> * * * If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

To the same effect, see *Lawn, supra*; United States v. Greenberg, 204 F.Supp. 400 (S.D.N.Y.1962); Wright, *supra*, § 111 at 201.

 The fact that the testimony of the agent was unrecorded does not render that testimony hearsay. That fact is immaterial to the characterization of his testimony as hearsay. Even assuming that the indictment was based in whole or in part on hearsay testimony, it need not be dismissed for that reason. United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 1419, n. 3, 16 L.Ed.2d 510 (1966); *Lawn, supra; Costello, supra;* United States v. Malofsky, 388 F.2d 288

(2d Cir.1968); United States v. Andrews, 381 F.2d 377 (2d Cir.1967), cert. denied, 390 U.S. 960, 88 S.Ct. 1058, 19 L.Ed.2d 1156; United States v. Umans, 368 F.2d 725 (2d Cir.1966), cert. granted, Umans v. United States, 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872, cert. dismissed as improvidently granted, 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (1967); United States v. Cimino, 321 F.2d 509 (2d Cir.1963), cert. denied, D'Ercole v. United States, 375 U.S. 967, 84 S.Ct. 486, 11 L.Ed.2d 416.

 As to the defendant's contention that the agent's testimony before the indicting grand jury was "tainted," the hearing before this court (at which the agent testified and was subjected to cross-examination) revealed the following facts. The agent had interviewed Kral in the course of his investigation and had obtained his affidavit, sworn to March 19, 1965, before anyone testified before the first or the second grand jury. The Government produced for the court's inspection that affidavit; a transcript of Kral's testimony before the first grand jury and the transcript of the testimony of three witnesses (other than the agent) hereinabove referred to. The court has examined Kral's affidavit and the transcript of his testimony before the grand jury. The subject matter and the substance of the affidavit and of his grand jury testimony are substantially the same. It is apparent that the agent, before he testified before either grand jury, was cognizant of everything that Kral testified to before the first grand jury.

The agent testified under oath at the hearing that, when he testified before the second grand jury, he did not change the testimony he had given before the first grand jury earlier the same day and that his testimony before the second grand jury was not the result of anything he heard Kral say that morning before the first grand jury. The evidence adduced at the hearing dissipates the speculative claim that the agent's testimony before the second grand jury was "tainted." Assuming, arguendo,

and without so holding, that the burden was on the Government to disprove the claim of "tainted" evidence before the second grand jury, the court finds that the Government did disprove this contention of the defendant.

The defendant's motions are denied. This is an order.