**UNITED STATES v. WEATHERS et al.**

No. 2975.

District Court, N. D. Georgia.
Dec. 8, 1937.

Lawrence S. Camp, U. S. Atty., and M. Neil Andrews, Asst. U. S. Atty., both of Atlanta, Ga., for the United States.

Dean Owens and John Maddox, both of Rome, Ga., for defendants.

CHARLES B. KENNAMER, District Judge.

Roy and Virgie Weathers were indicted for murder on lands reserved and acquired for the exclusive use of the United States. On plea in abatement, plea overruled.

The indictment is attacked upon the grounds that an unauthorized person was permitted to be present in the grand jury room during the time it was hearing the testimony on which the indictment herein was based; it being alleged by the defendants and admitted by the government that Mrs. Grace Turner, a clerk-stenographer in the office of the United States attorney, was present as a shorthand writer and that, as such, she wrote down in the form of shorthand notes the testimony of the government's witnesses as they testified before the grand jury. It is further alleged that this tended to the prejudice of defendants because it unduly impressed the grand jury with the importance of the case and of the testimony of the government's witnesses.

Section 1025, Revised Statutes, as amended May 18, 1933, 48 Stat. 58, 18 U. S.C.A. § 556, reads:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That section 1025 of the Revised Statutes of the United States be, and the same is hereby, amended so as to read as follows:

"Sec. 1025. No indictment found and presented by a grand jury in any district or other court of the United Sates shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant, or by reason of the attendance before the grand jury during the taking of testimony of one or more clerks or stenographers employed in a clerical capacity to assist the district attorney or other counsel for the Government who shall, in that connection, be deemed to be persons acting for and on behalf of the United States in an official capacity and function."

It is seen that the section in question was amended by adding the following words: "Or by reason of the attendance before the grand jury during the taking of testimony of one or more clerks or stenographers employed in a clerical capacity to assist the district attorney or other counsel for the Government who shall, in that connection, be deemed to be persons acting for

and on behalf of the United States in an official capacity and function."

■■ It being a further contention of the defendants that this statute and such presence of a stenographer of the district attorney invades the rights of the defendants as secured in article 5 of the Amendments to Constitution of the United States, which prevents the trial of anyone on a charge such as is charged in the indictment, without a presentment or indictment. The defendants asserting that the presence of such stenographer before the body or the grand jury destroy its character as a grand jury as contemplated by this provision of the Federal Constitution.

For this court to so hold would, in effect, thereby hold the amendment of May 18, 1933, to section 1025, Revised Statutes, unconstitutional.

No case is called to the court's attention, and the court is not informed of any case or legal principle sustaining such contention. In giving effect to the well-settled doctrine that this court must indulge every legal presumption in favor of the constitutional validity of congressional enactments, this contention of the defendants is rejected.

■ Prior to this amendment there had been some conflict of legal decision as to the propriety of permitting the presence of stenographers in grand jury rooms, and when it was desired to record the testimony adduced before the grand jury it was deemed necessary to employ for that purpose a shorthand writer as special assistant to the district attorney. This perhaps resulted in some delay and expense which it was the manifest purpose of the Congress to avoid by providing for the use of clerks or stenographers already employed in a clerical capacity to assist the district attorney or other counsel for the government. It is earnestly contended by counsel for the defendants that the language of the amendment authorizes clerks and stenographers to assist the district attorney or other counsel for the government, but does not authorize taking down the testimony of witnesses, and that since the statute is in derogation of the common law it should be strictly construed so as to limit the functions of clerks and stenographers so present in the grand jury room to the doing of only those things which *assist* the district attorney or other government counsel, e. g. questioning witnesses; and further that taking down the testimony of witnesses not being a function of the district attorney, one authorized only to *assist* the district attorney is accordingly not authorized to perform a function not imposed upon the district attorney. I do not so construe the language of the amendment, as it seems clear to me that its meaning is that a clerk or stenographer in the employ of the government on the staff of the district attorney or other government counsel is permitted to be present during the taking of testimony and to make a stenographic report of the proceedings, this being the declared purpose of the legislation as appears in the report of the Senate Committee on the Judiciary, accompanying the bill. The relevant portion of the report is appended.

■ It can hardly be doubted that it is conducive to more even justice that the testimony of grand jury witnesses be recorded for the knowledge of the witness that his words may thereafter appear against him is calculated to produce the truth from his lips and it is conceivably of benefit to the accused and the witnesses as well. That it may or can result in harm, I cannot see; for certainly a trusted employee of the government under an oath of secrecy is as much to be trusted as the grand jurors bound by a similar oath. Certainly it cannot be said that by the simple act of making a record of the testimony the grand jury is unduly impressed with the importance of the matter to the prejudice of the accused. To so hold would give great importance to a mere clerical act which occurs constantly in the trial of all classes of cases and has never been said to be other than of benefit to the interested parties.

■ A district attorney or his authorized assistants, while before the grand jury, may take notes of the testimony of witnesses before such grand jury, or if the district attorney or assistants possess sufficient skill as stenographers or shorthand writers, may take in full such witnesses' testimony. Then if the district attorney desires the testimony of such witnesses to enable him to better prepare the indictment or to prepare for the trial of the case in court where an indictment is returned, Congress in the above amendment made clear the right and privilege of the district attorney to have such assistance.

■ This question was considered by the Circuit Court of Appeals of the Eighth Cir-

cuit in Gargotta v. United States, 77 F.2d 977, a case similar to the present case on its facts, and the conclusion reached that the amendment effectively disposes of the question.

The plea in abatement is accordingly overruled.

NOTE.—The purpose and desirability of this legislation are shown by the following excerpt from a memorandum which was sent to the committee by the Department of Justice:

"The purpose of this measure is obvious. It merely provides that the presence of stenographers in the grand jury rooms shall not invalidate indictments returned by such grand jury. The need for stenographic reports of the proceedings in the grand jury room in certain cases is apparent, but there is a conflict of legal decision as to the right, under existing law, to permit stenographers in grand jury rooms without invalidating the subsequent conviction of defendant.

"Under present practice, if a stenographic report of the grand jury proceedings is deemed indispensable, the district attorney applies for permission to employ special counsel who is able to make a stenographic report of the proceedings. Should this bill be enacted, district attorneys will not be required to secure the employment of special counsel but will be enabled to have such reports made by a stenographer. The services of a stenographer in a given case should not cost the Government as much as the services of special counsel."