**UNITED STATES of America,**
Plaintiff,

v.

**Joseph Napoleon Guy MARTEL, Stefano
Peter Caiola, Stefano Tortelli
Manzo, Defendants.**

Cr. No. 31424.

United States District Court
N. D. New York.

Decided June 4, 1954.

On Motion to Dismiss Aug. 10, 1954.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Richard E. Bolton, Troy, N. Y., of counsel, for plaintiff.

Anthony S. Falcone, Utica, N. Y., for defendants, Caiola and Manzo.

BRENNAN, District Judge.

The defendants, by a two-count indictment, are charged in Count I with the violation of Title 8 U.S.C.A. § 1324(a) (1). This count charges the defendants with attempting to bring into the United States from Canada an alien not entitled to enter. Count II charges the defendants with a conspiracy, 18 U.S.C.A. § 371, to violate the Immigration Laws and Title 8 U.S.C.A. § 1325, with respect to the attempt to bring an alien into the United States as charged in Count I.

There are three motions made by defendants Caiola and Manzo, hereinafter referred to as defendants, which are set out above and will be discussed in the order in which they are so set out. It may be noted that the moving papers contain no affidavits of defendants. The attorney for defendants presents a twelve-page affidavit which, in substance, is a summary of facts obtained upon an investigation as to the matters referred to in the indictment. No statement of facts by the defendants are set forth. There is also an affidavit by a physician as to the personal health of one of the defendants. This affidavit requires no comment. The third affidavit is made by one Migliore, who is the alien referred to in the indictment, and consists for the most part of a statement which he gave to the attorney for the defendants, and in effect exonerates the defendants from any wrong-doing.

■ The first motion is apparently made under the provisions of Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and requests four items of particulars as to Count I, and thirteen such items as to Count II. They require no detailed discussion. Upon the argument of the motion the Court indicated that this particular motion would be denied because it requires the disclosure of evidence, part of which is in the possession of the defendants, and that the function of a bill of particulars in a criminal case was not to require the disclosure of the evidence to be used upon the trial. There is no claim in the moving papers that the defendants will be subjected to any disadvantage if the motion be denied, or that the information is necessary to prepare for trial. In fact, in the briefs submitted defendants cite no authority which would justify the granting of this motion. Authorities are numerous which would sustain its denial. The Court will refer only to United States v. Shindler, D.C., 13 F.R. D. 292, and United States v. Brothman, D.C., 93 F.Supp. 368. This motion is denied.

■ The second motion is apparently made under the provisions of Rule 16 of the Federal Rules of Criminal Procedure, and seeks to inspect and copy all statements made by government agents relating to defendants and procured from some ten persons, including the three defendants. The language of the Rule eliminates such inspection as to any person other than the defendants. Again the Court indicated on the oral argument that this motion would be denied, and no authorities are cited by the defendants as the basis of their request. As in United States v. Mesarosh, D.C., 13 F.R. D. 180, the conclusion is reached that the motion does not represent a bona fide effort to obtain evidence to be used for a defense, but rather is an attempt to learn the government's case under the guise of pre-trial inspection.

■ It appears that a suitcase containing clothing and personal belongings of the alleged alien was seized from the

automobile operated by defendant Manzo. The ownership of the suitcase appears to be in Manzo's father, who is not a defendant here. The moving affidavit of the alien shows the contents of that suitcase, and no compelling reason is shown or urged that would justify a pre-trial inspection. This motion is in all repects denied.

■■ The third motion requests the dismissal of the indictment, or in the alternative, an examination of the grand jury minutes. It is not seriously urged that the indictment is defective, and no discussion of that part of the motion is necessary. The moving papers seem to rely upon the conclusive allegations that no violation of law occurred, and that the United States Attorney would not allow a material witness to testify before the grand jury, as bases for a request to inspect the grant jury minutes. Neither contention is sufficient. The following quotation taken from United States v. Weber, 2 Cir., 197 F.2d 237, at page 238, is applicable to this application. No lengthy discussion of the factual basis required is necessary.

> "A mere request to inspect the minutes, without any statement of facts indicating insufficiency of the evidence, is not enough to require the court to inspect the minutes. There is a presumption that the grand jury acted on sufficient evidence. United States v. Texeira, 2 Cir., 162 F.2d 169, 170."

The statement of Judge Dimock in United States v. Lieberman, D.C., 15 F.R.D. 278, at page 280, also sets forth the law as this Court understands it.

Upon the oral argument of this motion the Assistant United States Attorney stated that there were no minutes of the grand jury proceedings available in this case. The statement has been corrected by his affidavit to show that the evidence of one witness before the grand jury was transcribed by a stenographer. Counsel for the defendants in a supplemental brief raises the question as to whether or not the indictment is sufficient where the minutes of the testimony presented to the grand jury are unavailable. The question is not directly raised in this motion, and the Court is informed that a new motion will be made wherein the question will be directly raised. The subject, therefore, is not discussed or decided here.

As indicated above, the motions of defendants, and each of them, are hereby denied, and it is

Ordered accordingly.

### On Motion to Dismiss

This motion in effect seeks to dismiss the indictment herein because no complete minutes of the testimony before the Grand Jury are available.

This Court in a memorandum-decision, dated June 4, 1954, decided three motions previously made in this case, one of which sought to dismiss the indictment or to inspect the grand jury minutes. The facts are stated in the above memorandum, and need not be repeated here.

The present motion seeks a holding of this Court that no indictment by a grand jury is valid, unless complete minutes of the testimony produced before it are available. The moving party concedes that the motion is somewhat novel, and has no basis in any particular section of the statute or any rule of this court. It is based upon rather lengthy affidavits, the burden of which is to the effect that the defendants are innocent of violations charged in the indictment. It appears without contradiction that the testimony of only one witness before the grand jury was taken by a stenographer, although other witnesses were in fact sworn.

The moving parties seem to base their claim for the relief sought upon the general proposition that fundamental fairness requires that minutes of all testimony submitted to the grand jury should be available, in order that inquiry can be made to insure that the indictment found has a legal basis, and is not tainted with

fundamental irregularities. They make a very good argument based upon a hypothetical state of facts, but here the moving parties have been denied the right to inspect the grand jury minutes, so that it is rather difficult to envision any wrong as to these defendants.

█ The moving parties cite no precedents which could be considered as authorities for their position, and this Court is neither able nor inclined to investigate and discuss the history and development of the grand jury system and its procedures. The reported cases cited on this motion deal with the converse of moving parties' contention; that is, for the most part they refer to situations where an indictment was attacked by reason of the alleged unauthorized presence of a stenographer. These decisions apparently brought about an amendment of the law, dated May 18, 1933, which in effect provided that an indictment is not invalidated by the presence before the grand jury of a stenographer employed to assist the United States Attorney. 48 Statutes, Chapter 31. This amendment apparently supplemented the provisions of Title 18 U.S. C.A., former § 556, and 5 U.S.C.A. § 310; the provision is now found in Rule 6(d) of the Federal Rules of Criminal Procedure. These statutes show plainly that the presence of a stenographer while the grand jury was in session may have previously been considered as destroying the secrecy of that body and invalidating the indictment. It follows that there is no constitutional or statutory right of the moving parties to have a stenographer take or transcribe the testimony of witnesses before the grand jury. The situation is not comparable to that in the State of New York where the statute provides for the appointment of grand jury stenographers, and prescribes their duties. New York Code of Criminal Procedure, § 952-p, etc. The claim made is not in accord with the practice which has existed in the United States District Courts, as this Court understands it. United States v. Oley, D.C., 21 F.Supp. 281.

█ Rules 6(d), supra, is permissive, not mandatory, and it is sufficient to say that the motion has no basis in law. This Court is unwilling to assume in the absence of evidence that either the United States Attorney or the grand jury itself trespassed upon the rights of the defendants in the matter of their indictments. It is presumed that the officers of the court performed their functions within the law.

█ The moving parties' argument is one that may better be addressed to Congress, which has in the past and may in the future legislate as to the subject matter involved in this motion. The need for stenographic reports of grand jury proceedings has been the subject of discussion. See United States v. Weathers, D.C., 21 F.Supp. 763. The requirement for same must be based in the statute. This Court may not legislate.

The motion is in all respects denied, and it is so

Ordered.