**UNITED STATES of America**

**v.**

**Sol G. MANDEL, Defendant.**

**No. 68 Cr. 504.**

United States District Court
S. D. New York.

Feb. 28, 1969.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for the

United States; Richard A. Givens, Asst. U. S. Atty., Southern District of New York, of counsel.

Moses Polakoff, New York City, for defendant.

METZNER, District Judge.

Defendant moves to dismiss the indictment which contains one count charging a violation of § 10(a) of the Securities Exchange Act of 1934 (15 U. S.C. § 78j(a)) and Rule 10a–1(a) (2), adopted pursuant thereto by the Securities and Exchange Commission (17 C.F. R. § 240.10a–1(a) (2)).

§ 10(a) provides:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

"(a) To effect a short sale * * * of any security registered on a national securities exchange, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Rule 10a–1(a) (2) provides:

"(a) No person shall, for his own account or for the account of any other person, effect on a national securities exchange a short sale of any security * * * (2) at such price [the last sale in regular way] unless such price is above the next preceding different price at which a sale of such security, regular way, was effected on such exchange."

A short sale is defined in Rule 3b–3 as "any sale of a security which the seller does not own or any sale which is consummated by the delivery of a security borrowed by or for the account of the seller." 17 C.F.R. § 240.3b–3.

The indictment charges illegal short sales of 400 shares of Georgia-Pacific Corporation stock on April 7, 1966.

The first contention is that the statute and regulation are void for vagueness. A criminal statute, to avoid a charge of unconstitutionality, must define the crime in such a way that a man of common intelligence can understand the type of activity proscribed by the statute and can conduct himself within the confines of the law. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

A reading of the statute and rule does not show any vagueness as to the conduct prohibited. The import of the rule is that short sales may only be made at a price higher than the next preceding different price. This is to prevent speculation in a falling market. For example, if there were two successive sales of a stock at a price of $100 on an exchange, you may sell short at $100 only if the third preceding sale was at a price less than $100. If that third preceding sale was at $100 or over, you cannot sell short at $100.

While there are many problems attendant on ascertaining a violation of this prohibition, they all go to questions of proof. It may well be that because of the practical workings of trading on a stock exchange it is highly unlikely that a conviction can ever be obtained for violating the prescribed procedure. However, that is a problem for the government and the trial court.

Defendant attacks the constitutionality of the penalty provision with respect to the section and rule. § 32(a) of the Securities Exchange Act of 1934 (15 U. S.C. § 78ff(a)). The section provides:

"(a) Any person who willfully violates any provision of this chapter, or any rule or regulation thereunder the violation of which is made unlawful * * * shall upon conviction be fined not more than $10,000, or imprisoned not more than two years, or both * * *; but no person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation."

■ Defendant claims that the second clause of the section which prohibits imprisonment if the defendant proves that he had no knowledge of the regulations compels him to testify in violation of his Fifth Amendment privilege. Defendant misreads the purpose of this portion of the penalty provision. It does not place a burden on the defendant to disprove the elements of the crime on the trial. It is directed to sentencing after a defendant has been found guilty of the crime charged. Herlands, Criminal Law Aspects of the Securities Exchange Act of 1934, 21 Va.L.Rev. 139, 191–92 (1934). On or before the date for sentencing, the court would afford the defendant a hearing on the question of knowledge in order to determine whether a term of imprisonment could be imposed. There is no problem as to the constitutionality of this portion of the section.

■ Defendant finally argues that the statute and regulations were directed against exchanges and brokers because their object was to protect investors. It is true that such was the object, but it is not true that only exchanges and brokers can harm investors. The statute refers to "any person," and where the statute is directed against limited groups it so specifies. §§ 12(a), 12(g), 16(c) and 17.

In view of the above disposition of this branch of the motion, the request for inspection of the grand jury minutes is denied.

■ On oral argument the defendant questioned the propriety of being called before the grand jury after he had advised the government that he would avail himself of his privilege against self incrimination. Coupled with this claim was the contention that it is improper to call a person to so testify if he is a target of the investigation. These contentions were subsequently briefed by the parties.

Defendant analogizes this situation to the rule that the government may not call a witness on trial who it knows will refuse to testify. United States v. Maloney, 262 F.2d 535 (2d Cir.1959); cf. Namet v. United States, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963). There is no contention here that defendant was not advised of his constitutional rights, or that the grand jury was not advised that they were not to draw any adverse inferences from defendant's refusal to testify. Four recent opinions by the Court of Appeals for this circuit have clearly ruled adversely to the defendant. United States v. Wolfson, 405 F.2d 779, (2d Cir.1968); United States v. Fortunato, 402 F.2d 79 (2d Cir.1968); United States v. Capaldo, 402 F.2d 821 (2d Cir.1968); United States v. Winter, 348 F.2d 204, 207–8 (2d Cir.1965).

Motion denied. So ordered.