**UNITED STATES of America**

v.

**Simon J. MESSITTE, Bert E. Stanger and Herbert Werman, Defendants.**

**No. 69 Cr. 679.**

United States District Court,
S. D. New York.
March 9, 1971.

Whitney North Seymour, Jr., U. S. Atty., for the Government, by Daniel J. Sullivan, Asst. U. S. Atty.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for defendant Simon J. Messitte; Gerald Walpin, New York City, of counsel.

OPINION

FREDERICK VAN PELT BRYAN, District Judge:

This is a motion by defendant, Messitte, to dismiss, as to him, an indictment charging him, in 18 counts, with violating 15 U.S.C. §§ 77q(a), 77x, 78i (a) (2), 78ff(a) in connection with the sale of stock of Alloys Unlimited, Inc., and in one count with conspiracy to violate these sections. Defendants Werman and Stanger are named only in the conspiracy count.

Messitte's motion is based on the following grounds: (1) that remarks made by the prosecutor before the grand jury were not recorded and (2) that Messitte was required to appear before the grand jury and there to invoke his Fifth Amendment privilege when he was a target of investigation and the prosecutor was informed that he would claim his privilege and refuse to answer questions before that body. In the alternative, Messitte seeks an evidentiary hearing.

## I

The prosecution concedes that the Assistant United States Attorney conducting the grand jury proceedings in this case made some statements or remarks concerning the case when no witnesses were present in the grand jury room, which were not recorded. Messitte contends that this in itself requires dismissal of the indictment.

The prosecution takes the position that this was a usual practice in grand jury proceedings in this district and is not a ground for dismissal. The prosecution advised the Court by letter as follows:

I have been informed that in the last 30 years the practice of our office has been to have grand jury stenographers record every word spoken in the grand jury room while a witness is present in the grand jury room. Nothing else is recorded unless specifically requested by the Assistant United States At-

torney conducting the proceeding, but this occurs infrequently.

It has never been the practice to regularly record instructions to the grand jury made when no witness is in the room. There has been no change in this practice during the last 30 years.

These statements have not been questioned by Messitte and it will be assumed for purposes of this motion that the statements are accurate.

█ It is well settled that failure to record proceedings before a grand jury is not a ground for voiding an indictment. E. g., United States v. Caruso, 358 F.2d 184 (2d Cir. 1966), cert. denied, 385 U.S. 862, 87 S.Ct. 116, 17 L. Ed.2d 88; United States v. Cianchetti, 315 F.2d 584 (2d Cir. 1963); see also, United States v. Westmoreland, 41 F.R. D. 419, 422, n.2 (S.D.Ind.1967); United States v. Martel, 17 F.R.D. 326, 328–329 (N.D.N.Y.1954), appeal dismissed, United States v. Caiola, 222 F.2d 369 (2d Cir. 1955).

It was not until 1933, 48 Stat. 58, that an amendment to Section 1025 of the Revised Statutes, 18 U.S.C., former Section 556, provided that the attendance of a stenographer during the grand jury proceedings should not invalidate an indictment. The purpose of the amendment, proposed by the Justice Department, was to eliminate a conflict in prior decisions as to whether the mere presence of a stenographer in the grand jury room invalidated the indictment. *Compare* United States v. Goldman, 28 F.2d 424 (D.Conn.1928) *with* United States v. Morse, 292 F. 273 (S.D.N.Y. 1922) *and* United States v. Amazon Industrial Chemical Corp., 55 F.2d 254 (D.Md.1931). In view of this conflict it had been the practice for the United States Attorney to apply for permission to appoint special counsel who was able to make a stenographic report of the proceedings where such a report was deemed indispensable. See United States v. Weathers, 21 F.Supp. 763, 766 (N.D.Ga. 1937).

The 1933 amendment to 18 U.S.C., former Section 556, has since been embodied in substance in Rule 6(d) Fed.R. Cr.P., which provides that *"for the purpose of taking the evidence,* a stenographer or operator of a recording device *may* be present while the grand jury is in session."* (emphasis supplied)

█ Against the history and background of this permissive language, defendant Messitte seeks a holding that it is mandatory to record everything said before the grand jury with respect to a case (except, presumably, the actual deliberations of the grand jury *in camera*) and that an indictment is invalid unless this has been done.

I find no support for this contention in the language of Rule 6(d) or Rule 16 and, as has been indicated, the well settled case law is to the contrary. Defendant's reliance on such recent cases as Gaither v. United States, 134 U.S. App.D.C. 154, 413 F.2d 1061 (1969); United States v. Arcuri, 282 F.Supp. 347 (E.D.N.Y.), aff'd, 405 F.2d 691 (2d Cir. 1968), cert. denied, 395 U.S. 913, 89 S. Ct. 1760, 23 L.Ed.2d 227 (1969) is misplaced. These cases deal with quite different aspects of grand jury proceedings and do not stand for the proposition for which defendant contends.

Nor does United States v. Gramolini, 301 F.Supp. 39 (D.R.I.1969) support defendant's contention. In that case no record was kept of any of the grand jury proceedings, not even the testimony of the witnesses. Nevertheless, defendant's motion to dismiss the indictment on that ground was denied, although the Rhode Island District Judge gave notice that indictments handed down in that district subsequent to the decision would be vulnerable if grand jury proceedings were not recorded.

As the Court of Appeals for this Circuit said in the Cianchetti case:

While the presence of a stenographer in the grand jury room to transcribe the witnesses' testimony would be the better procedure, there is no constitu-

tional requirement that grand jury proceedings be transcribed, and we have been able to uncover no provision of rule or statute which makes transcription mandatory rather than permissive. (citations omitted)

315 F.2d at 591.

In the case at bar, of course, the testimony of witnesses before the grand jury was fully recorded.

█ There seems to be no good reason why, if the testimony of witnesses is recorded, the remarks of the Assistant United States Attorney conducting the proceedings should not be recorded also. This would not hamper the grand jury proceedings in any way nor place any undue additional burden on the reporter. In my view, "the better procedure" indicated by the Court of Appeals in Cianchetti should include the recording of all statements or remarks of the Assistant before the grand jury with respect to the case.

█ However, it by no means follows that the failure to record such statements or remarks invalidates an indictment subsequently handed down. The cases are consistently to the contrary and I see no reason to depart from them.

It is plain that to grant this motion could call into question the validity of large numbers of indictments pending before the court. This would have an unfortunate effect on the administration of criminal justice, quite unjustified in the circumstances.

█ Moreover, the defendant has not shown that he has, in fact, suffered any prejudice or even that any prejudice was likely to have occurred by reason of the failure to record all remarks of the prosecutor during presentation of the case to the grand jury. Defendant has pointed to no unusual features of the case from which any such inference could be drawn. There is nothing here but mere speculation that some prejudice of some kind might possibly have occurred. This is wholly insufficient to overcome the presumption of regularity of grand jury proceedings. *E. g.*, United States v. Johnson, 319 U.S. 503, 512, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943); United States v. Nunan, 236 F.2d 576, 594 (2d Cir. 1956), cert. denied, 353 U.S. 912, 77 S.Ct. 661, 1 L.Ed.2d 665 (1957); United States v. Greenberg, 204 F.Supp. 400 (S.D.N.Y.1962), or even to require the evidentiary hearing which defendant requests, United States v. Johnson, *supra*.[1]

## II

After Messitte had been interviewed on three occasions by the Assistant United States Attorney, his counsel was informed that an indictment against him was probable and that he would be called before the grand jury. Messitte's counsel then advised the Assistant that if Messitte were to be called he would rely on his Fifth Amendment privilege against self-incrimination. Thereafter, Messitte was called before the grand jury. He was fully informed of his constitutional rights to remain silent and to counsel. He then asserted his Fifth Amendment privilege, refused to answer any questions on that ground and was excused without giving testimony. Some two weeks later the grand jury handed down the indictment now under challenge, naming him as one of the defendants.

█ Messitte contends that the indictment should be dismissed because his constitutional rights were violated when he was compelled to appear before the grand jury while an object of investigation after the prosecutor had been advised that he would refuse to testify on Fifth Amendment grounds. He claims that he was called before the grand jury for the sole purpose of creating prejudice against him by forcing him to as-

---

1. I am not prepared on the basis of this record to lay down rules here as to future recording of grand jury proceedings similar to those laid down in United States v. Gramolini, *supra*. Moreover, even if such a rule became necessary, it should not be established by the action of a single judge sitting in a large multijudge court.

sert his privilege before the grand jurors.

It has been consistently held in this circuit that to call before the grand jury a person who is an object of investigation does not violate the constitutional right against self-incrimination nor vitiate an indictment later returned against him; particularly where, as here, he has been fully advised of his rights and has been given the opportunity to exercise them. United States v. Wolfson, 405 F.2d 779, 784 (2d Cir. 1968), cert. denied, 394 U.S. 946, 89 S. Ct. 1275, 22 L.Ed.2d 479; United States v. Capaldo, 402 F.2d 821, 823–824 (2d Cir. 1968), cert. denied, 394 U.S. 989, 89 S.Ct. 1476, 22 L.Ed.2d 764; United States v. Fortunato, 402 F.2d 79, 82 (2d Cir. 1968), cert. denied, 394 U.S. 933, 89 S. Ct. 1205, 22 L.Ed.2d 463; United States v. Winter, 348 F.2d 204, 211 (2d Cir. 1965), cert. denied, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360; United States v. Mandel, 296 F.Supp. 1038, 1039, 1040 (S.D.N.Y.1969); United States v. Pilnick, 267 F.Supp. 791 (S.D.N.Y.1967). This is so even where the Government knows that the person called will assert his privilege and refuse to answer any questions put to him, United States v. Fortunato, *supra*; United States v. Mandel, *supra*.

Messitte seeks to avoid the effect of these cases by the claim that he was not merely under investigation but was already what he calls a "de facto" defendant. The cases recognize no such distinction and I do not find it viable. *E. g.*, United States v. Capaldo, *supra*. The earlier cases of United States v. Scully, 225 F.2d 113, 116 (2d Cir. 1955), cert. denied, 350 U.S. 897, 76 S.Ct. 156, 100 L.Ed. 788, and United States v. Hoffa, 156 F.Supp. 495 (S.D.N.Y.1957), referred to by defendant, do not hold to the contrary. In Scully the question presented was whether an indictment against a defendant who was subpoenaed before the grand jury when he was under investigation and had testified without being warned of his constitutional rights against self-incrimination should

be dismissed on that ground. The Court of Appeals affirmed the denial of the motion. In Hoffa, the question was whether defendant who, after being advised of his rights, had elected to testify at some length before the grand jury at an early stage in its proceedings, was entitled to a dismissal of the indictment. The motion to dismiss was denied.

As was pointed out in Scully, the analogy Messitte seeks to draw between the rights of witnesses appearing before a grand jury and those parties and witnesses appearing at a criminal trial is "artificial and unsound", 225 F.2d at 115, 116. See also United States v. Cleary, 265 F.2d 459 (2d Cir.), cert. denied, 360 U.S. 936, 79 S.Ct. 1458, 3 L. Ed.2d 1548 (1959); United States v. Costello, 221 F.2d 668 (2d Cir. 1955); United States v. Benjamin, 120 F.2d 521 at 522 (2d Cir. 1941). Nor does Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) have any application here where defendant was fully advised of his rights, immediately asserted his privilege, and was not questioned further.

In general, I share the view expressed by way of dictum by Judge Medina in Scully as to the undesirability of the prosecutor calling as a witness before the grand jury a person who is a de facto accused, 225 F.2d at 116. But, under the decided cases, the mere fact that this has occurred is not ground for dismissing the indictment where the person later indicted has been advised of his constitutional rights and given full opportunity to exercise them.

### III

Messitte has wholly failed to show that he was prejudiced in any way by what occurred. His claim that the indictment was returned because of prejudice engendered in the eyes of the grand jurors by his assertion of his privilege against self-incrimination before them, like his claim that he was prejudiced by failure to record remarks of the prosecutor, is based on nothing more than conjecture and speculation. He does not claim that

there was insufficient evidence on which to indict, nor could he well do so. In fact, there were numerous witnesses and substantial evidence before the grand jury concerning the various transactions on which the indictment was based, taken over an extended period.

Nevertheless, Messitte seeks an evidentiary hearing "at which the prosecutor and grand jurors would be questioned concerning the factual matters raised by this motion." He has shown nothing to overcome the presumption that the proceedings before the grand jury were conducted in accordance with law. See cases cited at page 337, *supra*. He is not entitled to such a hearing.

The motion of defendant Messitte is in all respects denied. In so far as defendant Stanger may have joined in the motion, his motion is also denied in all respects.

It is so ordered.