**UNITED STATES of America,**
**Appellee,**

v.

**Gerald PEDEN, Defendant-Appellant.**

**No. 489, Docket 72-2242.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 21, 1972.

Decided Jan. 19, 1973.

John S. Martin, Jr., New York City (Otto G. Obermaier, New York City, on the brief), for defendant-appellant.

Peter L. Truebner, Asst. U. S. Atty. (Whitney North Seymour Jr., U. S. Atty., S. D. N. Y., John W. Nields, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

Gerald Peden appeals from his bribery conviction following a jury trial in the United States District Court for the Southern District of New York, Thomas F. Croake, J. At trial evidence was presented relating to three alleged conspiracies and a number of alleged substantive violations involving a taxpayer representative and several Internal Revenue Service special agents, including Peden. Following completion of the Government's case, Judge Croake dismissed five of the nine counts against Peden; the jury convicted him on two

of the remaining four counts, acquitting him on the other two.[1]

 On appeal, Peden's principal argument is that the practice in the Southern District of not recording statements made by the Assistant United States Attorney to the grand jury when no witness is in the room unfairly deprives a defendant of the opportunity to learn of any improper remarks.[2] We have only recently reiterated that recordation of grand jury testimony of witnesses "as a matter of course certainly is the better procedure," see United States v. Cramer, 447 F.2d 210, 214 (1971), cert. denied, 404 U.S. 1024, 92 S.Ct. 680, 30 L.Ed.2d 674 (1972), and we see no good reason why the same observation would not also apply to statements by the prosecutor.[3] However, in *Cramer* we affirmed a conviction despite the failure to record the testimony of witnesses before the grand jury. It follows almost a fortiori that the non-recordation of prosecutorial statements in the same context is also an insufficient ground for reversal. As we stated in *Cramer*, the most appropriate forum for consideration of proposed changes in current grand jury procedures is either the Advisory Committee on Criminal Rules or the Circuit Council.[4]

Peden also asserts that he was prejudiced by the refusal of the court below to grant separate trials on each of the alleged conspiracies. A motion for severance is addressed to the discretion of the trial court, United States v. Adams, 434 F.2d 756, 758 (2d Cir. 1970), and we find no abuse here.

Affirmed.

---

1. The two counts on which defendant was convicted charged receipt of payment for delivery of a bribe to another IRS agent in violation of 18 U.S.C. § 201(c), and delivery of the bribe in violation of 26 U.S.C. § 7214(a)(6).

2. This practice is documented in United States v. Messitte, 324 F.Supp. 334, 335–336 (S.D.N.Y.1971).

3. The ABA Special Committee on Standards for the Administration of Criminal Justice has concluded that "[t]he prosecutor's communications and presentations to the grand jury should be on the record." ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function § 3.5(c) (Approved Draft). See United States v. Messitte, supra note 2. 324 F.Supp. at

337. But cf. ABA Project on Standards for Criminal Justice, Discovery and Procedure Before Trial, § 2.1, Commentary c, at 70–71 (Approved Draft).

4. Appellant further argues that in all events he should have been granted a hearing to determine whether improper remarks had been made to the grand jury. But Peden does not suggest any reason to believe that such remarks were in fact made or that he was in any way prejudiced, and we are unwilling to require an investigation based upon mere speculation. Accord, United States v. Potash, 332 F.Supp. 730, 733–734 (S.D. N.Y.1971), aff'd in open court, 465 F.2d 1405 (2d Cir. 1972) ; cf. Lawn v. United States, 355 U.S. 339, 348–350, 78 S.Ct. 311, 2 L.Ed.2d 321, reh. denied, 355 U.S. 967, 78 S.Ct. 529, 2 L.Ed.2d 542 (1958).