## STATE v. McARTHUR.
No. 73-74-CG.

Circuit Court, Okeechobee County.

October 15, 1973.

Robert E. Stone, State Attorney, for the state.

Chester Bedell, Jacksonville, Raymond E. Ford, Fort Pierce, and Eugene Spellman, Miami, for the defendant.

JAMES E. ALDERMAN, Circuit Judge.

Charles M. McArthur died in Okeechobee County on the 10th day of June, 1973, as the result of a gunshot wound. On August 30, 1973, Nadean O. McArthur was indicted by the grand jury of Okeechobee County and charged with the first degree murder of her husband. Mrs. McArthur waived arraignment before the court on the 11th day of September, 1973, and entered a plea of not guilty. As provided by Florida Rule of Criminal Procedure 3.190

(c) the court allowed the defendant fifteen days after arraignment to file motions. Within the time allowed, the defendant moved to dismiss the indictment upon two grounds. The court denied the motion to dismiss as to the first ground which related to the state's failure to hold a public inquest. The court granted the defendant's motion to dismiss the indictment upon the second ground which was based upon the state's failure to have a court reporter or stenographer present and transcribing the testimony before the grand jury relating to the death of Charles M. McArthur. The state has now filed a petition for rehearing, asking the court to reconsider its previous ruling in this cause, vacate its previous order, and reinstate the indictment. The court will take this opportunity to explain the basis of its ruling.

At one time, in Florida, it was unlawful to have any court reporter or stenographer present before the grand jury while it was in session and a violation of this rule was grounds to quash any indictment where the reporter or stenographer had been before the grand jury while testimony was being taken. F.S.A. 905.14. The statute specifically provided that no person be present at the sessions of the grand jury except the witness under examination, the prosecuting attorney and the interpreter, if any. F.S.A. 905.17. The law was amended in 1951 by Chapter 26584, Laws of Florida, which today is known as Florida Statute 905.17. The relevant portion of the current statute is as follows —

> "No person shall be present at the sessions of the grand jury except the witness under examination, the state attorney or his designated assistant, the court reporter or stenographer, and the interpreter. The stenographic records, notes, and transcriptions made by the court reporter or stenographer shall be filed with the clerk who shall keep them in a sealed container not subject to public inspection. The notes, records, and transcriptions shall be released by the clerk only on request by a grand jury for use by the grand jury or on order of the court pursuant to section 905.27, Florida Statutes."

The defendant in her motion to dismiss the indictment and in argument before this court contends that the intent of this statute is to require the presence of a court reporter at grand jury proceedings and the transcription of the testimony of witnesses who testify before the grand jury.

The particular language of F.S. 905.17 is not clear and apparently no Florida court has specifically ruled on this question. The state argues that the language of the statute is permissive and only amends the previous law to allow the presence of a court reporter or stenographer before the grand jury while they are in session. The

first part of this statute, which provides that no person shall be present at the session of the grand jury except the witness under examination, the prosecuting attorney, the court reporter or stenographer, and the interpreter, if any, standing alone would seem to allow but not require the presence of a court reporter or stenographer. However the statute goes further and directs that the stenographic records, notes and transcriptions made by the court reporter or stenographer *shall* be filed with the clerk who shall keep them in a sealed container not subject to public inspection. The statute further provides that the clerk shall release the notes, records and transcriptions only on request by the grand jury for use by the grand jury or on order of the court. Florida Statute 905.27(1) provides that the court may require disclosure of the testimony of a witness examined before the grand jury or other evidence received by it for the purpose of: ascertaining whether it is consistent with the testimony given by the witness before the court; determining whether the witness is guilty of perjury; or furthering justice. The defendant argues that when these statutes are read together and when the original title of Chapter 26584 is considered, wherein it was stated that the purpose of the amendment was "to provide for the presence of any court reporter or stenographer before the grand jury while they are in session and to repeal section 905.14 F.S. of 1941", it is clear that it was the intention of the legislature to require the presence of a court reporter or stenographer. The defendant's argument has some merit, otherwise the portions of the statute providing for the disclosure of the notes, records and transcriptions of the court reporter or stenographer by court order for certain purposes could be easily avoided by the state by the simple expedience of not having a court reporter present for grand jury proceedings. However, in this case it is not necessary for the court to base its decision on the ambigious language of the statute or to attempt to divine the intention of the legislature.

It is the paramount duty of a trial judge to conduct the trial of a criminal case fairly, expeditiously and in such a manner that reversible or fundamental error will not occur and he is vested with broad discretion to devise procedural safeguards against such error. It should be noted that this is a capital case and the charge against the defendant could only have been brought by grand jury indictment. Section 15 of the Declaration of Rights in the Florida Constitution provides, "no person shall be tried for a capital crime unless on presentment or indictment by a grand jury." F.S. 904.01. provides, "all capital offenses shall be tried by indictment by a grand jury", and Rule 3.140(a)(1), Florida Rules of Criminal Procedure, provides, "an offense which may be punished by death shall be prosecuted by indictment." Since this is a capital offense

which may be punished by death, the state can prosecute only after presenting testimony and evidence to the grand jury and the grand jury having returned a True Bill. This is unlike the prosecution of all other criminal offenses which may be by either indictment or information.

In an early case the Florida Supreme Court recognized that the testimony of a witness before the grand jury was not a confidential communication and may be disclosed whenever material to the administration of justice. State v. Dewell, Fla., 167 So. 687 (1936). This case, decided during the time court reporters were prohibited from grand jury proceedings, pointed out that members of a grand jury may be required to testify as to statements made by a witness before the grand jury, when such testimony is offered to contradict other statements made by the same witness before a different tribunal or authority, and that a defendant in a criminal trial may impeach state witnesses testifying before a trial jury by showing that their testimony does not correspond in essential particulars with testimony before a grand jury. In Trafficante v. State, Fla., 92 So.2d 811 (1957) the court held that it was error for the trial judge to deny a sworn application for a subpoena duces tecum directed to the official court reporter, directing her to bring the transcript of the testimony of a certain state's witness given before the grand jury and to make same available to defense counsel in order that it might be utilized in cross-examination of the witness for the purpose of laying the foundation for impeachment of the witness' direct testimony, without first examining same to determine its "materiality". In the case of Minton v. State, Fla., 113 So.2d 361 (1959), the court held an accused to be entitled to inspect grand jury testimony of a state's witness, when a proper showing had been made, in order to lay the foundation for the impeachment of such witness' direct testimony given at the trial, although in that particular case the court found that the defendant had not made a proper showing. In State v. Drayton, Fla., 226 So.2d 469 (1969), the court held that the trial judge could order an in camera inspection of grand jury testimony prior to trial. The court held that once the defendant lays the proper predicate the court should determine in camera whether the evidence in issue is favorable and material either to guilt or punishment of the accused and if the court finds it is material and favorable it should be given to the defendant. In the most recent case of State v. Gillespi, Fla., 227 So.2d 550 (1969), the court held the trial judge to be without authority to enter an order compelling pre-trial in camera inspection of all records, files and evidence, including grand jury testimony relative to a criminal case. However, in summarizing the current status of the law, the court in *Gillespi* recognized and affirmed that on a proper showing, disclosure of the testimony of witnesses before a grand jury may be permitted.

All of these cases recognize the substantive right of a defendant in certain circumstances to obtain disclosure of the testimony of a witness who testified before the grand jury. This right is also recognized by F.S. 905.27. However, this right has very little meaning or practical application where no record is made of the testimony of the witness before the grand jury. It is true that State v. Dewell, supra, recognized that members of the grand jury themselves may be required to testify as to statements made by a witness before the grand jury. However, as a practical matter and for several obvious reasons this is not a realistic substitute for a written transcript of the testimony in question.

How are the ends of justice best served in this case? Under the law the charge of first degree murder may be brought only by grand jury indictment. Where there exist stenographic records, notes, and transcriptions of testimony before the grand jury, these, upon a proper showing, may in some instances be obtained by the defendant. This is not possible in the case presently before the court because no reporter or stenographer was present at the grand jury proceedings. This was a matter beyond the control of the defendant. She had no right to be present or to participate in the grand jury proceedings. It was up to the state attorney to make the necessary arrangements if a court reporter or stenographer were to be present. It appears a court reporter was available and could have been in attendance before the grand jury when the defendant's case was presented. The state, by its failure to provide for the attendance of a court reporter at the grand jury proceedings, has effectively deprived the defendant in this case of certain rights recognized in the law. It is true that at this stage of the proceedings these rights are inchoate, and even if there were a transcript of the testimony presented to the grand jury, it does not follow that the transcript or any part thereof would ultimately be made available to the defendant. However, if she were able to make a proper showing that there were inconsistencies and contradictions in the testimony of certain witnesses in their testimony before the grand jury and their testimony when their depositions were taken or when and if they testify at the trial, then the defendant might under existing law have been able to use this testimony. At least, upon a proper showing, she would have been able to have the testimony reviewed by the court in camera to determine if it was consistent with the testimony given by the witness at the trial. None of this would be possible in this case due to the failure of the state attorney, either intentionally or unintentionally, to provide for the attendance of a court reporter or stenographer during the grand jury proceedings.

The state argues that the court's ruling in this case would have the effect of rendering null and void all previous indictments where

a court reporter was not present. That is not the court's intention and the court's ruling, based upon the facts of this particular case, should not have that effect. Florida Rule of Criminal Procedure 3.190(c) provides that unless the court grants further time the defendant must move to dismiss the indictment or information either before or upon arraignment. In this case the defendant's motion to dismiss was timely filed within the fifteen days after arraignment allowed by the court. The rule further provides that except for objections based on fundamental grounds, every ground for motion for dismissal which is not presented by a motion to dismiss within the time provided for shall be taken to have been waived. In this case if the defendant had not timely raised this issue the court would have had no hesitancy in denying her motion. But the defendant has filed a timely motion and the court must consider whether the ends of justice will be served by granting the motion.

Certainly the better practice, particularly in a capital case, is to have available a complete record of the testimony and evidence considered by the grand jury. Then, if a witness makes inconsistent and contradictory statements, the relevant portion of the grand jury record, upon a proper showing, may be made available to the defendant. In this case, where the defendant filed a timely motion and less than two months have passed since the matter was presented to the grand jury and where there is adequate time for the state to re-present its case to the grand jury which returned the original indictment and there being no immediate problem under the speedy trial rule, it would seem that the ends of justice would best be served by dismissing the original indictment and giving the state the opportunity of re-presenting its case to the grand jury. If, as alleged by defendant's counsel in his argument, the testimony of certain of the state's witnesses has changed so that if their testimony were re-presented to the grand jury there would be no indictment, then perhaps the grand jury upon reconsideration would return a No True Bill; however, if the grand jury upon rehearing the state's evidence found probable cause it could reindict the defendant. In any event, a complete record of the grand jury proceedings could be made and filed with the clerk as provided by F.S. 905.17. If the defendant were reindicted, whether she would have access to and be able to use any of this testimony would depend upon a proper showing being made at the appropriate time. If she were then denied access to or use of such testimony it would be on the basis that as a matter of law she was not entitled to use such testimony, and not upon the state's failure to have a court reporter present at the grand jury proceedings.

The court is aware of the line of federal cases holding that there is no federal constitutional requirement that federal grand jury

proceedings be transcribed and that such is not required by Rule 6(d) of the Federal Rules of Criminal Procedure. See: U.S. v. Harper, 432 F.2d 100 (1970); Baker v. U.S., 412 F.2d 1069 (1969); U.S. v. Cianchetti, 314 F.2d 584 (1963); and U.S. v. Martel, 17 F.R.D. 326 (1954). These cases are not controlling in this case. The court is not holding that there has been a violation of the federal constitution.

The state as a result of the court's ruling will be inconvenienced somewhat by having to re-present its case to the grand jury, but this should not be any great hardship. The term of the grand jury which returned the original indictment has not expired and it can be quickly reconvened. If the state moves promptly and expeditiously it might even be possible for this case to be tried at the time originally reserved by the court for the trial of this case. Balanced against this relatively minor inconvenience on the part of the state are the rights of the defendant. In a capital case where the defendant's life is in jeopardy, these rights, even if inchoate at this time, greatly outweigh the inconvenience to the state caused by requiring it to resubmit its case to the grand jury. This is particularly true in view of the fact that the state could have avoided this entire question by providing for a court reporter in the first instance.

The court having considered the state's petition for rehearing and the argument of counsel for the state and for the defendant, and being fully advised in the premises, it is ordered and adjudged that the state's petition for rehearing is denied, and the court's previous order dismissing the indictment shall remain in full force and effect.