## In re a GRAND JURY INVESTIGATION of TITANIUM INDUSTRY.

### Misc. No. 7113.

United States District Court,
W. D. Pennsylvania.

July 6, 1978.

Otto G. Obermaier, New York City, for plaintiff.

Robert W. Wilder, Antitrust Division, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

MARSH, District Judge.

In reliance upon Rule 6(d), Fed.R. Crim.P., John Doe moves for a preindictment order requiring that all proceedings before the grand jury in the above-entitled antitrust investigation which are held in the presence of government counsel be stenographically recorded and preserved.

We think the motion should be granted.

In the case of *United States v. Price*, 474 F.2d 1223, 1225 (9th Cir. 1973), reaffirming *United States v. Thoresen*, 428 F.2d 654 (9th Cir. 1970), it was held that:

"[T]he district court must exercise its discretion in passing upon a preindictment motion for recordation of grand jury proceedings and that a district court abuses its discretion in denying the motion of parties situated as were appellants, in absence of a Government showing that it has a legitimate and compelling interest to be served by nonrecordation."

No such showing has been made by the Government.

We understand all grand jury proceedings to include the testimony of witnesses, colloquies between Government counsel and witnesses, *United States v. Lardieri*, 497 F.2d 317 (3rd Cir. 1974), and the Government counsel's communications, colloquies and presentations to the grand jury in the presence of and in the absence of a witness. Everything should be recorded except the grand jury's deliberations and voting.

Rule 6(d), Fed.R.Crim.P., permits but does not require the recordation of grand jury evidence. In *United States v. Rubin*, 559 F.2d 975, 988 (5th Cir. 1977), the court stated:

"The far better practice is to record grand jury proceedings, including the comments of the prosecutor."

In *United States v. Peden*, 472 F.2d 583, 584 (2d Cir. 1973), the court indicated it could see no good reason why, as a matter of course, statements by the prosecutor should not be recorded.

The American Bar Association's Special Committee on Standards for the Administration of Criminal Justice has concluded that "the prosecutor's communications and presentations to the Grand Jury should be on the record."

In this particular antitrust investigation, we think it would be an abuse of discretion

not to grant a preindictment motion to record all proceedings in the presence of government counsel.